FILED

2012 NOV -7 P 3: 06

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 83013)
2  STEPHEN J. NEWMAN (State Bar No. 181570)
   BRIAN C. FRONTINO (State Bar No. 222032)
3  JEFFREY B. BELL (State Bar No. 269648)
   2029 Century Park East
4  Los Angeles, CA  90067-3086
   Telephone:  310-556-5800
5  Facsimile:  310-556-5959
   Email: lacalendar@stroock.com
6
7  Attorneys for Defendant
    TRANS UNION LLC
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12

13  BRIAN DOUGLAS LARSON, on behalf      Case No.
    of himself and all others similarly situated,              C 12    5726

14                                        NOTICE OF REMOVAL OF DEFENDANT
                  Plaintiff,              TRANS UNION LLC

15        v.                              (Pursuant to Class Action Fairness Act, 28
                                          U.S.C. § 1453)
16  TRANS UNION, LLC,

17                Defendant.
                                          **Jury Demanded**
18

19

20

21

22

23

24

25

26

27

28

LA 51597361

NOTICE OF REMOVAL OF DEFENDANT TRANS UNION, LLC

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1446, 1453 and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 1(a), 119 Stat. 4 (Feb. 18, 2005), defendant Trans Union LLC ("TransUnion") hereby removes the action entitled <u>Brian Douglas Larson v. Trans Union, LLC</u>, San Francisco County Superior Court, Case No. CGC 12-524131 (the "Action"), to the United States District Court, Northern District of California, on the following grounds:

1.     <u>The Removal Is Timely</u>. On October 8, 2012, plaintiff Brian Douglas Larson ("Plaintiff") served TransUnion with a copy of the Summons and Complaint in the Action. A true and correct copy of the Summons, Complaint and Civil Case Cover Sheet are attached hereto as Exhibit A. This removal is filed within 30 days of service of the Summons and Complaint and, thus, is timely.

2.     <u>This Court Has Removal Jurisdiction Over The Action</u>. This Court has original jurisdiction over the Action under 28 U.S.C. § 1332(d)(2), and the Action is removable to this Court pursuant to 28 U.S.C. § 1453(b), for the following reasons:

        a.     <u>The Action is a "class action."</u> A "class action," as defined by CAFA, is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); <u>see also</u> 28 U.S.C. § 1453(a). Plaintiff has filed the Action as a purported class action. (Complaint, ¶¶ 44-51.) Plaintiff defines the proposed class as follows:

> All persons residing at an address within the State of California to whom Trans Union provided a Personal Credit Report substantially similar in form to the one it provided to Plaintiff dated October 26, 2011, and described in paragraphs 29-32 above, during the period beginning two (2) years prior to the filing of this Complaint and continuing thought the date of the resolution of this case.

(<u>Id.</u> at ¶44.) Therefore, the Action is properly considered a "class action" under CAFA.

        b.     <u>Diversity of citizenship exists</u>. Under CAFA, diversity is satisfied when "any member of a class of plaintiffs is a citizen of a [s]tate different from any defendant . . . ."

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  28 U.S.C. § 1332(d)(2)(A). TransUnion is a Delaware limited liability company with its principal

2  place of business in Chicago, Illinois and, therefore, is a citizen of Delaware and Illinois. Plaintiff

3  is, and at all relevant times was, a resident of California and therefore is a citizen of California, and

4  the proposed class definition states that all class members are citizens of California. (Complaint, ¶¶

5  2, 44.)

6              c.      <u>The amount in controversy is satisfied.</u> CAFA confers jurisdiction over class

7  actions "in which the matter in controversy exceeds the sum or value of $5,000,000 . . . ."

8  28 U.S.C. § 1332(d)(2). Furthermore, "[i]n any class action, the claims of individual class

9  members shall be aggregated to determine whether the matter in controversy exceeds the sum or

10  value of $5,000,000." 28 U.S.C. § 1332(d)(6). TransUnion denies any liability on the Complaint

11  and further denies that the Action may be certified as a class action, but the amount in controversy

12  based on Plaintiff's asserted claims exceeds the amount of $5,000,000 in the aggregate, as follows:

13              i.      Plaintiff, individually and on behalf of the alleged class, alleges that

14  TransUnion provided him with a personal consumer credit report ("Credit Report") containing

15  inaccurate and incomplete information purportedly in violation of California's Consumer Credit

16  Reporting Agencies Act, California Civil Code sections 1785.1-1785.36 (the "CCRAA").

17  Specifically, Plaintiff alleges that TransUnion violated the CCRAA by willfully failing to provide

18  Plaintiff and purported class members with "complete and truthful" information relating to

19  TransUnion's "OFAC Alert" product, which "advise[s] credit grantors whether the credit

20  application is a match to terrorists, money launderers, narcotics traffickers and other enemies of the

21  United States" identified on the Treasury Department's Office of Foreign Assets Control

22  ("OFAC") Specifically Designated National and Blocked Persons list. (Complaint, ¶ 1.) In

23  connection with his Credit Report, Plaintiff contends that, after the heading "End Credit Report,"

24  TransUnion included certain additional information including, <u>inter alia</u>, the following message:

25                  **The OFAC record that is considered a potential match to the name on your**

26                  **credit file is:**

                                      **[Intentionally left blank]**

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

NOTICE OF REMOVAL OF DEFENDANT TRANS UNION, LLC

1 (Id. at ¶ 33.) Based on the above, Plaintiff alleges that TransUnion "intentionally misrepresent[s]

2 to consumers . . . that OFAC alerts are not actually part of their reports or files" in violation of the

3 CCRAA. (Id. at ¶ 30.) Plaintiff further alleges that TransUnion represented that Plaintiff was a

4 "potential match" (emphasis in original) to information on the OFAC list, but did not identify the

5 particular potential match, therefore depriving Plaintiff of all the information in his file in violation

6 of the CCRAA. (Id. at ¶¶ 36-40.)

7            1.     While Plaintiff does not allege a specific amount of damages suffered

8 by the putative class (and while TransUnion does not concede that Plaintiff or any class member

9 are entitled to any recovery whatsoever), it is readily apparent from the Complaint that the amount

10 in controversy is satisfied. Plaintiff, individually and on behalf of the putative class, seeks to

11 recover statutory damages of $100 to $5,000 per putative class member pursuant to Civil Code

12 section 1785.31(a)(2), as well as injunctive relief, for TransUnion's allegedly willful violation of

13 the CCRAA. (Complaint, ¶¶ 56, 61, Prayer for Relief, ¶¶ 2, 4.) See Hunt v. Washington State

14 Apple Advertising Comm'n, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977) ("In

15 actions seeking declaratory or injunctive relief, it is well established that the amount in controversy

16 is measured by the value of the object of the litigation.") (citations omitted). Based on a review of

17 its records, TransUnion alleges that approximately 18,229 consumers would have had the

18 opportunity to view the same message as is alleged in the Complaint. Given that Plaintiff seeks

19 statutory damages of up to $5,000 per violation of the CCRAA, the amount in controversy as

20 alleged in the Complaint is approximately $91,145,000, plus the value of any injunctive relief, and

21 thus the amount in controversy greatly exceeds the minimum jurisdictional threshold of

22 $5,000,000.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1    3.    Notice has been effected. A copy of this Notice of Removal is being filed with the

2    San Francisco County Superior Court and concurrently served on all counsel of record.

3    Dated: November 7, 2012                    STROOCK & STROOCK & LAVAN LLP
                                                JULIA B. STRICKLAND
4                                               STEPHEN J. NEWMAN
                                                BRIAN C. FRONTINO
5                                               JEFFREY B. BELL

6

7                                               By: _____
                                                                Jeffrey B. Bell
8
                                                Attorneys for Defendant
9                                               TRANS UNION LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51597361                                 - 4 -
                                   NOTICE OF REMOVAL OF DEFENDANT TRANS UNION, LLC

**PROOF OF SERVICE**

STATE OF CALIFORNIA    )
                              )  ss
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Los Angeles, CA 90067-3086.

On November 7, 2012, I served the foregoing document(s) described as: **NOTICE OF REMOVAL OF DEFENDANT TRANS UNION LLC** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☐   **(VIA PERSONAL SERVICE** By causing the document(s), in a sealed envelope, to be delivered to the person(s) at the address(es) set forth above.

☑   **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

☐   **(VIA E-MAIL)** Based on a court order or an agreement of the parties to accept service by e-mail, I caused the documents to be sent to the persons at the e-mail addresses listed in the attached Service List.

☐   **(VIA FACSIMILE)** By causing such document to be delivered to the office of the addressee via facsimile.

☐   **(VIA OVERNIGHT DELIVERY)** By causing the document(s), in a sealed envelope, to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express, or by a similar overnight delivery service.

I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on November 7, 2012, at Los Angeles, California.

Regina Harcourt
[Type or Print Name]                            [Signature]

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51597361

## SERVICE LIST

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| Bruce S. Luckman, Esq.<br>SHERMAN, SILVERSTEIN, KOHL,<br>ROSE & PODOLSKY, P.A<br>308 Harper Drive, Suite 200<br>Moorestown, NJ 08057 | Attorneys for Defendant<br>TRANS UNION LLC |
| Andrew J. Ogilvie, Esq.<br>Carol McLean Brewer, Esq.<br>ANDERSON, OGILVIE & BREWER LLP<br>600 California Street, 18th Floor<br>San Francisco, CA 94108 | Attorneys for Plaintiff<br>BRIAN DOUGLAS LARSON |
| John Soumilas, Esq.<br>FRANCIS AND MAILMAN, P.C.<br>Land Title Building<br>100 South Broad Street, 19th Floor<br>Philadelphia, PA 19110 | Attorneys for Plaintiff<br>BRIAN DOUGLAS LARSON |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

# EXHIBIT A



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

## Document Scanning Lead Sheet

Sep-12-2012 10:46 am

Case Number: CGC-12-524131

Filing Date: Sep-12-2012 10:43

Filed by: DENNIS TOYAMA

Juke Box: 001    Image: 03759879

COMPLAINT

LARSON, BRIAN DOUGLAS ON BEHALF OF HIMSELF AND ALL VS. TRANS UNION, LLC

001C03759879

**Instructions:**
Please place this sheet on top of the document to be scanned.

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

| | |
|---|---|
| **NOTICE TO DEFENDANT:** Trans Union, LLC, *(AVISO AL DEMANDADO):* <br><br><br><br> **YOU ARE BEING SUED BY PLAINTIFF:** Brian Douglas Larson, *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* on behalf of himself and all others similary situated, | *FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

· There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* <br> SAN FRANCISCO COUNTY SUPERIOR COURT <br> 400 McAllister Street <br><br> San Francisco, CA 94102 | **CASE NUMBER:** *(Número del Caso):* 1 2 - 5 2 4 1 3 1 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andrew J. Ogilvie, 57932 / Carol M. Brewer, 214035     415 651 1952
Anderson, Ogilvie & Brewer, LLP
600 California Street, 18th Floor
San Francisco, CA 94108-2711

DATE: SEP 1 2 2012    CLERK OF THE COURT    DENNIS TOYAMA
*(Fecha)*    Clerk, by _____, Deputy
    *(Secretario)*     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served    **BY FAX**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

    under:   [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
             [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*                            Page 1 of 1

1  ANDREW J. OGILVIE        57932
   CAROL M. BREWER          214035
2  ANDERSON, OGILVIE & BREWER, LLP
   600 California Street, 18th Floor
3  San Francisco, CA 94108
4  Telephone: (415) 651-1952
   Facsimile: (415)956-3233
5  andy@aoblawyers.com

6  JOHN SOUMILAS (Pro hac vice applications to be filed)
7  FRANCIS & MAILMAN, P.C.
   Land Title Building, 19th Floor
8  100 South Broad Street
9  Philadelphia, PA 19110
   (215) 735-8600
10

**F I L E D**

San Francisco County Superior Court

SEP 1 2 2012

CLERK OF THE COURT
BY: ____ DENNIS TOYAMA
                    Deputy Clerk

11              SUPERIOR COURT OF CALIFORNIA

12            CITY AND COUNTY OF SAN FRANCISCO

13

14  BRIAN DOUGLAS LARSON, on behalf      No. **C G C   1 2 - 5 2 4 1 3 1**
    of himself and all others similarly situated,
15                                        CLASS ACTION
16          Plaintiff,                    COMPLAINT

17              v.                        **BY FAX**

18  TRANS UNION, LLC,

19          Defendant

20                  **PRELIMINARY STATEMENT**

21      1.      This is a consumer class action based upon Defendant Trans Union,

22  LLC's violations of the California Consumer Credit Reporting Agencies Act,

23  ("CCRAA"), Cal. Civ. Code §§ 1785.1 *et seq.* The rights of California consumers to

24  inspect and correct consumer information sold about them are at the heart of the

25  CCRAA. Defendant deprives consumers of these rights by willfully failing to provide

26  consumers with complete and truthful "OFAC alert" information it sells about them to

27  third parties.   OFAC alerts purportedly advise credit grantors whether the credit

                                        1

1   applicant is a match to terrorists, money launderers, narcotics traffickers and other
2   enemies of the United States identified on the Office of Foreign Assets Control,
3   Specifically Designated National and Blocked Persons ("OFAC") list. Defendant thus
4   deprives California consumers of rights afforded to them by the CCRAA to obtain a
5   copy of and review the information that the Defendant sells about them and to dispute,
6   and to have corrected, any inaccurate or incomplete OFAC alert information that the
7   Defendant is reporting.

8      2.    Plaintiff Brian Douglas Larson is an adult individual who resides in Lake
9   Forest, California.

10      3.    Defendant Trans Union, LLC ("Trans Union") is a consumer reporting
11   agency that regularly conducts business in the State of California.

12                    **FACTUAL ALLEGATIONS**

13     **A.**    **Defendant Fails To Provide Consumers With Complete And Truthful**
14           **Information About What OFAC Alert Information Is In Their Files**

15      4.    Defendant is one of the "big three" consumer credit reporting agencies
16   (singular "CRA") in the United States.

17      5.    Defendant sells consumer reports (commonly called "credit reports")
18   about millions of California consumers annually.

19      6.    Defendant is regulated by the CCRAA, *see* Cal. Civ. Code § 1785.3(d).

20      7.    One of the purposes of the CCRAA is "to require that consumer credit
21   reporting agencies adopt reasonable procedures for meeting the needs of commerce for
22   consumer credit ... and other information in a manner which is fair and equitable to the
23   consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization
24   of such information in accordance with the requirements of this title." Cal. Civ. Code §
25   1785.1(d).

26      8.    In furtherance of these goals, the CCRAA mandates that a CRA provide
27   consumers upon request all of the information sold about them to third parties and also

1 | provide consumers with an opportunity to review and dispute any inaccuracies in their
2 | files. *See* Cal. Civ. Code §§ 1785.10, 1785.15 and 1785.16.

3 |     9.    Specifically, each CRA is required by the CCRAA to provide consumers
4 | with copies of their consumer files without charge. *See* Cal. Civ. Code § 1785.10 and
5 | § 1785.15.

6 |     10.    The term "file," when used in connection with information on any
7 | consumer, means "*all* of the information on that consumer recorded and retained by a
8 | consumer credit reporting agency, regardless of how the information is stored." *See*
9 | Cal. Civ. Code § 1785.3(g) (emphasis added).

10 |     11.    In a federal appellate decision involving this same defendant and
11 | addressing this very issue (under the virtually identical federal Fair Credit Reporting
12 | Act (FCRA)), the United States Court of Appeals for the Third Circuit stated as
13 | follows: "Congress clearly intended the protections of the FCRA to apply to all
14 | information furnished or that might be furnished in a consumer report" and an FCRA "
15 | 'file' denotes all information on the consumer that is recorded and retained by a
16 | consumer reporting agency that might be furnished, or has been furnished, in a
17 | consumer report on that consumer." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 711-12
18 | (3d Cir. 2010), *citing Gillespie v. Trans Union, LLC*, 482 F.3d 907, 909 (7th Cir. 2007).

19 |     12.    After obtaining and reviewing a copy of their files, consumers have the
20 | right to dispute any inaccurate information in their credit files, and to have errors
21 | corrected by the CRA, usually within 30 days of their disputes. *See* Cal. Civ. Code §
22 | 1785.16(a).

23 |     13.    In a seminal decision against this very Defendant, the Third Circuit found
24 | that Trans Union willfully violated section 1681g of the FCRA by failing to provide the
25 | consumer plaintiff with all information in his file. It further held that information
26 | relating to the OFAC alert is part of the consumer's 'file' as defined in the FCRA."
27 | *Cortez*, 617 F.3d at 712.

3

1       14.     An OFAC alert is a specific type of data provided by consumer reporting

2  agencies on consumer credit reports signifying that the subject of the report is

3  purportedly included in the list of the Office of Foreign Assets Control, Specifically

4  Designated National and Blocked Persons, which includes terrorists, money launderers

5  and narcotics traffickers.

6       15.     In *Cortez*, Trans Union contended that it did not need to reinvestigate or

7  correct erroneous OFAC alerts that it placed on consumer reports allegedly because the

8  OFAC alerts were not part of the consumer's file. *Id.* at 713. The Third Circuit

9  squarely rejected these arguments by Defendant. *Id.*

10      16.     The Third Circuit in *Cortez* specifically found that Trans Union willfully

11  violated the FCRA by failing to disclose OFAC alerts in consumer files and by failing

12  to reinvestigate and correct an OFAC alert erroneously attributed by Trans Union to the

13  wrong consumer. *Id.* at 712-13.

14      17.     Nonetheless, despite this clear Third Circuit precedent directed to this

15  Defendant, Trans Union continues to compile and sell reports about consumers that

16  include OFAC alerts, without completely and truthfully disclosing such information to

17  the consumers who are the subject of such reports, such as Plaintiff. Defendant remains

18  in willful violation of the FCRA and has refused to follow the Third Circuit's ruling in

19  *Cortez*. This practice also willfully violates the CCRAA with respect to consumers in

20  California.

21      18.     Defendant also fails to maintain reasonable procedures to assure the

22  maximum possible accuracy of the OFAC alert information it sells about consumers in

23  the first place. *See* Cal. Civ. Code §1785.14(b).

24      19.     OFAC alerts are a part of the consumer's file and report and subject to the

25  maximum possible accuracy standard, as the Third Circuit has specifically advised

26  Trans Union under the analogous federal FCRA: "OFAC information included in a

27  consumer report and sold about a consumer falls within the purview of the FCRA, and

4

1    the 'maximum possible accuracy standard.' Trans Union remains responsible for the
2    accuracy in its reports under the FCRA and it cannot escape that responsibility as easily
3    as it suggests here. Congress clearly intended to ensure that credit reporting agencies
4    exercise care when deciding to associate information with a given consumer, and the
5    record clearly supports the jury's determination that Trans Union did not exercise
6    sufficient care here." *Cortez*, 617 F.3d at 710.

7        20.    In *Cortez*, Defendant had mixed the consumer plaintiff in the case with
8    another woman from Columbia who had a similar name and who was on the OFAC list.
9    Defendant attributed the woman's criminal history to the plaintiff, Ms. Cortez, who was
10   some twenty years younger than that plaintiff.

11       21.    Despite the abundant notice it has regarding the unlawfulness of its
12   practices, and the serious harm such practice can inflict, Defendant continues to use a
13   "name only" match in determining whether a given consumer will be reported on
14   his/her Trans Union consumer credit report as an alleged criminal on the OFAC list.

15       22.    Moreover, under Defendant's procedures, not even the name only match
16   needs to be an exact match between the actual name of the alleged criminal on the
17   OFAC list and the actual name of the innocent consumer applying for credit.

18       23.    As such, Defendant places OFAC alerts on consumers' reports based
19   solely on a partial name match.

20       24.    Nevertheless, Defendant advises the users of its reports that the subject
21   consumer is a "match" to the OFAC list.

22       25.    Defendant's reporting and disclosures of OFAC alert information is not
23   accidental, nor a result of simple negligence, but instead a result of recklessly or
24   deliberately designed policies and procedures, and with full knowledge that its policies
25   and procedures were found to violate the FCRA by the Third Circuit in *Cortez,* and are
26   thus similarly in violation of the CCRAA.

27

5

1          **B.    The Experience Of The Representative Plaintiff**

2          26.    Plaintiff obtained a copy of his Trans Union file (entitled "Personal Credit

3     Report") on October 26, 2011.

4          27.    The October 26, 2011 file included Plaintiff's personal identifying

5     information, his account information and information about inquiries for his credit.

6          28.    After disclosing information under the headings of "Personal

7     Information," "Adverse Accounts," "Satisfactory Accounts, "Regular Inquiries" and

8     "Account Review Inquiries," the file then stated "End of Credit Report."

9          29.    Beneath the heading "End of Credit Report," the October 26, 2011 file

10    stated as follows:

11                              **-Begin Additional Information-**

12         **Additional Information**

13         The following disclosure of information is provided as a courtesy to you. This
      information is not part of your TransUnion credit report, but may be provided when
14    TransUnion receives an inquiry about you from an authorized party. This additional
      information can include Special Messages, Possible OFAC Name Matches, Income
15    Verification and Inquiry Analysis Information. Any of the previously listed
      information that pertains to you will be listed below.
16

17         30.    Thus, despite the holding of *Cortez*, Trans Union continues to

18    intentionally misrepresent to consumers, such as Plaintiff, that OFAC alerts are not

19    actually part of their reports or files. This practice is also in contravention to the clear

20    statutory requirements of the CCRAA.

21         31.    Because Defendant states that OFAC alerts are "additional information"

22    provided only as a "courtesy," consumers such as Plaintiff are misguided into believing

23    that they cannot dispute, and have corrected, inaccurate OFAC information that

24    Defendant alone is attributing to them.

25         32.    Worse, Plaintiff's file with Defendant does not actually disclose the

26    OFAC alert that Defendant has determined matches with Plaintiff. The file states:

27

                                                6

**Possible OFAC Match**

The OFAC Database contains a list of individuals and entities that are prohibited by the U.S. Department of Treasury from doing business in or with the United States. Financial institutions are required to check customers' names against the OFAC Database, and if a potential name match is found, to verify whether their potential customer is the person on the OFAC Database. For this reason, some financial institutions may ask for your date of birth, or they may ask to see a copy of a government-issued form of identification, such as a Driver's License, Social Security card, passport or birth certificate. Some financial institutions will search names against this database themselves, or they may ask another company, such as TransUnion, to do so on their behalf. We want you to know that this information may be provided to such authorized parties.

As a courtesy to you, we also want to make sure you are aware that the name that appears on your TransUnion credit file **is considered a *potential* match to information listed on the United States Department of Treasury's Office of Foreign Asset Control ("OFAC") Database.**

**The OFAC record that is considered a potential match to the name on your credit file is:**

**[Intentionally left blank]**

For more details regarding the OFAC Database, please visit:

http://www.ustreas.gov/offices/enforcement/ofac/faq/index.shtml

33.     Further, as noted above, Defendant advises the users of its reports that the subject consumer is not merely a "possible match" to the OFAC list, as it represents to consumers such as Plaintiff, but an actual "match" to the OFAC list.

34.     The above quoted information relating to the OFAC alert concerning Plaintiff is part of his "file" as defined in section 1785.3(g) of the CCCRA.

35.     The October 26, 2011 file was not a complete and proper file disclosure as required by sections 1785.10 and 1785.15 of the CCRAA.

36.     The October 26, 2011 file violated sections 1785.10 and 1785.15 of the CCRAA, as well as the Third Circuit's FCRA jurisprudence in *Cortez*, in a number of ways, including the following:

    a.  Trans Union falsely represented that the OFAC information was not part of Plaintiff's credit report;

    b.  The OFAC information was not included in the consumer's file but was instead set forth separately in a different disclosure labeled "Additional Information;"

    c.  Trans Union represented that Plaintiff "is considered a *potential* match to information listed on" the OFAC Database (emphasis in original), but did not disclose the OFAC record considered a potential match that it would sell to a third party.

37.     Plaintiff is neither a match to the OFAC list, nor a possible match, nor does any other entity or person "consider" Plaintiff to be a potential match.

38.     Defendant, however, represents that Plaintiff is associated with some unknown individual on the OFAC list.

39.     As a result of Defendant's failure to provide Plaintiff with all of the information it maintains and/or sells about him, in particular the OFAC alert information concerning a potential match, Plaintiff was misled concerning the information that Defendant was reporting about him to third parties, and is uncertain as to whether Defendant is in fact reporting Plaintiff as a match to an individual on the OFAC database.

40.     Further, Plaintiff was deprived of all information in his file, to which he is entitled, and the opportunity to dispute and correct the inaccurate OFAC alert that Defendant inaccurately associated with him on his report.

41.     Plaintiff suffered humiliation and embarrassment that Defendant considers him a match or possible match to some suspected criminal on the OFAC list,

8

1 and was distressed over the fact that Defendant does not even provide sufficient
2 information about what suspected criminal's information is purportedly a match or a
3 possible match with Plaintiff.

4     42.    At all times pertinent hereto, Defendant was acting by and through its
5 agents, servants and/or employees who were acting within the course and scope of their
6 agency or employment, and under the direct supervision and control of the Defendant
7 herein.

8     43.    At all times pertinent hereto, the conduct of the Defendant, as well as that
9 of its agents, servants and/or employees, was malicious, intentional, willful, reckless,
10 and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

11                       **CLASS ACTION ALLEGATIONS**

12     44.    Plaintiff brings this action on behalf of the following Class: All persons
13 residing at an address within the State of California to whom Trans Union provided a
14 Personal Credit Report substantially similar in form to the one it provided to Plaintiff
15 dated October 26, 2011, and described in paragraphs 29-32 above, during the period
16 beginning two (2) years prior to the filing of this Complaint and continuing through the
17 date of the resolution of this case.

18     45.    The Class is so numerous that joinder of all members is impracticable.
19 Although the precise number of Class members is known only to Defendant, Plaintiff
20 avers upon information and belief that the Class numbers in the hundreds.

21     46.    There are questions of law and fact common to the Class that predominate
22 over any questions affecting only individual Class members. The principal questions
23 concern whether the Defendant violated the CCRAA by failing to provide complete and
24 truthful information relating to consumers in their personal credit reports; and, whether
25 Defendant acted willfully in violating the CCRAA with knowledge of the *Cortez*
26 decision by the Third Circuit.

27     47.    Plaintiff's claims are typical of the claims of the Class, which all arise

9

1 | from the same operative facts and are based on the same legal theories.

2 |     48.    Plaintiff will fairly and adequately protect the interests of the Class.
3 | Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured
4 | counsel experienced in handling consumer class actions. Neither Plaintiff nor his
5 | counsel has any interests which might cause them not to vigorously pursue this claim.

6 |     49.    This action should be maintained as a class action because the prosecution
7 | of separate actions by individual members of the Class would create a risk of
8 | inconsistent or varying adjudications with respect to individual members which would
9 | establish incompatible standards of conduct for the parties opposing the Class, as well
10 | as a risk of adjudications with respect to individual members which would as a practical
11 | matter be dispositive of the interests of other members not parties to the adjudications
12 | or substantially impair or impede their ability to protect their interests.

13 |     50.    Whether Defendant violated the CCRAA can be easily determined by
14 | Defendant's policies and a ministerial inspection of Defendant's business records.

15 |     51.    A class action is a superior method for the fair and efficient adjudication
16 | of this controversy. Management of the Class claims is likely to present significantly
17 | fewer difficulties than those presented in many individual claims. The identities of the
18 | Class members may be derived from Defendant's records.

19 | **COUNT I**

20 | **VIOLATION OF THE CCRAA § 1785.10 & 1785.15**

21 |     52.    Plaintiff incorporates the foregoing paragraphs as though the same were
22 | set forth at length herein.

23 |     53.    Defendant is a "consumer credit reporting agency" as defined by Cal. Civ.
24 | Code § 1785.3(d).

25 |     54.    Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code §
26 | 1785.3(b).

27 |

10

1    55.    The above-mentioned credit reports were "consumer credit reports" as that

2  term is defined by Cal. Civ. Code § 1785.3(c).

3    56.    Pursuant to Cal. Civ. Code § 1785.31, Defendant is liable for violating the

4  CCRAA by failing to provide consumers, upon request, with a copy of their disclosure

5  containing all information on that consumer in violation of Cal. Civ. Code § 1785.10

6  and 1785.15 with respect to Plaintiff and the Class.

7                                    **COUNT II**

8                      **VIOLATION OF THE CCRAA § 1785.14**

9    57.    Plaintiff incorporates the foregoing paragraphs as though the same were

10  set forth at length herein.

11    58.    Defendant is a "consumer credit reporting agency" as defined by Cal. Civ.

12  Code § 1785.3(d).

13    59.    Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code §

14  1785.3(b).

15    60.    The above-mentioned credit reports were "consumer credit reports" as

16  that term is defined by Cal. Civ. Code § 1785.3(c).

17    61.    Pursuant to Cal. Civ. Code § 1785.31, Defendant is liable for violating the

18  CCRAA by failing to follow reasonable procedures to assure "maximum possible

19  accuracy" of the reports it sold, in violation of Cal. Civ. Code § 1785.14 with respect to

20  Plaintiff.

21                              PRAYER FOR RELIEF

22      WHEREFORE, Plaintiff respectfully prays for relief as follows:

23    1.    For an order certifying the proposed Class and appointing Plaintiff and his

24  counsel to represent the Class;

25    2.    For judgment in favor of Plaintiff and the Class against Defendant Trans

26  Union LLC for damages of $100 to $5,000 per Class member per violation of the

27  CCRAA;

3.    For punitive damages;

4.    For injunctive relief;

5.    For costs and attorney's fees; and

6.    For such other and further relief as the Court may deem proper.

Dated: September 11, 2012

                                 ANDERSON, OGILVIE & BREWER, LLP
                                              and
                                 FRANCIS & MAILMAN, P.C.

                                 By: _____
                                           Andrew J. Ogilvie
                                     Attorneys for Plaintiff and Class

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues.

Dated: September 11, 2012

                                 ANDERSON, OGILVIE & BREWER, LLP
                                              and
                                 FRANCIS & MAILMAN, P.C.

                                 By: _____
                                           Andrew J. Ogilvie
                                     Attorneys for Plaintiff and Class

12

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Andrew J. Ogilvie, 57932
Carol M. Brewer, 214035
Anderson, Ogilvie & Brewer, LLP
600 California Street, 18th Floor
San Francisco, CA 94108-2711
TELEPHONE NO.: 415 651 1952     FAX NO.: 415 956 3233
ATTORNEY FOR (Name): Brian Douglas Larson, on behalf of himself and all others similarly situated

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA  94102
BRANCH NAME:

CASE NAME: Brian Douglas Larson, on behalf of himself
and all others similarly situated v Trans Union, LLC,

**F I L E D**
San Francisco County Superior Court

SEP 12 2012

CLERK OF THE COURT
BY: _____ DENNIS TOYAMA
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | CGC 12 - 524131 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [x] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

**2.** This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
- a. [ ] Large number of separately represented parties
- b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
- c. [ ] Substantial amount of documentary evidence
- d. [ ] Large number of witnesses
- e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
- f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive

**4.** Number of causes of action (specify): 2

**5.** This case [x] is  [ ] is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 11, 2012

Andrew J. Ogilvie, 57932
_____
(TYPE OR PRINT NAME)

BY FAX

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10