1  ANDERSON, OGILVIE & BREWER, LLP
   ANDREW J. OGILVIE
2  CAROL M. BREWER
   235 Montgomery Street, Suite 914
3  San Francisco, CA 94104
   Telephone: 415-651-1952
4  Facsimile:  415-500-8300
   Email:  andy@aoblawyers.com

5  FRANCIS & MAILMAN, P.C.
6  JOHN SOUMILAS (*Pro Hac Vice*)
   GREGORY J. GORSKI (*Pro Hac Vice*)
7  Land Title Building, 19th Floor
8  100 South Broad Street
   Philadelphia, PA 19110
9  Telephone: (215) 735-8600
10 Facsimile:  (215) 940-8000
   Email: jsoumilas@consumerlawfirm.com

11 *Attorneys for Plaintiff*
12 *Brian Douglas Larson*

13            **UNITED STATES DISTRICT COURT**

14          **NORTHERN DISTRICT OF CALIFORNIA**

15            **SAN FRANCISCO DIVISION**

16

17 | BRIAN DOUGLAS LARSON, on behalf
   | of himself and all others similarly
18 | situated,
   |
19 |             Plaintiff,                )   Case No. 3:12-cv-05726-WHO
   |                                       )
20 |        v.                             )
   |                                       )
21 |                                       )
22 | TRANS UNION, LLC,                     )   **AMENDED COMPLAINT**
   |                                       )
23 |             Defendant.                )
   |                                       )
24 |                                       )
   |                                       )
25 |                                       )

26

27

1

**PRELIMINARY STATEMENT**

1.     This is a consumer class action based upon Defendant Trans Union, LLC's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 – 1681x ("FCRA") and the California Consumer Credit Reporting Agencies Act, ("CCRAA"), CAL. CIV. CODE §§ 1785.1 *et seq.*  The rights of consumers to inspect and correct consumer information sold about them are at the heart of the FCRA and CCRAA.  Defendant deprives consumers of these rights by willfully failing to provide consumers with complete and truthful "OFAC alert" information that it represents that it sells about them to third parties.  OFAC alerts purportedly advise credit grantors whether the credit applicant is a match to terrorists, money launderers, narcotics traffickers and other enemies of the United States identified on the Office of Foreign Assets Control, Specially Designated National and Blocked Persons ("OFAC") list.  Defendant thus deprives California consumers of rights afforded to them by the FCRA and CCRAA to obtain a complete and accurate copy of the information that the Defendant sells about them and to dispute, and to have corrected, any inaccurate or incomplete OFAC alert information that the Defendant is reporting.

**JURISDICTION AND VENUE**

2.     Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

3.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4.     Plaintiff Brian Douglas Larson is an adult individual who resides in Lake Forest, California.

5.     Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency that regularly conducts business in the State of California.

# FACTUAL ALLEGATIONS

**A.**   **Defendant Fails To Provide Consumers With Complete And Truthful Information About What OFAC Alert Information Is In Their Files**

6.   Defendant is one of the "big three" consumer credit reporting agencies (singular "CRA") in the United States.

7.   Defendant sells consumer reports (commonly called "credit reports") about millions of California consumers annually.

8.   Defendant is regulated by the FCRA and its California analogue, the CCRAA, *see* CAL. CIV. CODE § 1785.3(d).

9.   One of the purposes of the both the FCRA and the CCRAA is to require CRAs to "adopt reasonable procedures for meeting the needs of commerce for consumer credit … and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with" those statutes.  15 U.S.C. 1681(b); CAL. CIV. CODE § 1785.1(d).[1]

10.   In furtherance of these goals, both the FCRA and CCRAA mandate that a CRA provide consumers upon request an accurate copy of their file with all of the information sold about them to third parties and also provide consumers with an opportunity to review and dispute any inaccuracies in their files.  *See* 15 U.S.C. §§ 1681g(a), 1681i(a); CAL. CIV. CODE §§ 1785.10, 1785.15 and 1785.16.

11.   Specifically, each CRA is required by the FCRA and the CCRAA to provide consumers with copies of their consumer files without charge in certain circumstances.  *See* 15 U.S.C. § 1681g(a);  CAL. CIV. CODE § 1785.10 and § 1785.15.

12.   The term "file," when used in connection with information on any consumer, means "***all*** of the information on that consumer recorded and retained by a

---

[1]   Because the CCRAA is substantially based upon the FCRA, many portions, including those quoted herein, are identical.  *See, e.g. Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 3, 3 Cal. Rptr. 3d 301 (2003)) ("the CCRAA 'is substantially based on the Federal Fair Credit Reporting Act'").

consumer credit reporting agency, regardless of how the information is stored." *See* 15 U.S.C. § 1681a(g) (emphasis added); CAL. CIV. CODE § 1785.3(g) (emphasis added).

13.     "Congress clearly intended the protections of the FCRA to apply to all information furnished *or that might be furnished* in a consumer report" and an FCRA "'file' denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 711-12 (3d Cir. 2010) (emphasis added), *citing Gillespie v. Trans Union*, *LLC*, 482 F.3d 907, 909 (7th Cir. 2007).

14.     After obtaining and reviewing a copy of their files, consumers have the right to dispute any inaccurate information in their credit files, and to have errors corrected by the CRA, usually within 30 days of their disputes. *See* 15 U.S.C. § 1681i(a); CAL. CIV. CODE § 1785.16(a).

15.     In a seminal decision against this very Defendant, the United States Court of Appeals for the Third Circuit found that Trans Union willfully violated section 1681g of the FCRA by failing to accurately provide the consumer plaintiff with all information in her file.  It further held that information relating to the OFAC alert is part of the consumer's 'file' as defined in the FCRA." *Cortez*, 617 F.3d at 712.

16.     An OFAC alert is a specific type of data provided by consumer reporting agencies on consumer credit reports signifying that the subject of the report is purportedly included in the list of the Office of Foreign Assets Control, Specifically Designated National and Blocked Persons, which includes terrorists, money launderers and narcotics traffickers.

17.     In *Cortez*, Trans Union contended that it did not need to reinvestigate or correct erroneous OFAC alerts that it placed on consumer reports allegedly because the OFAC alerts were not part of the consumer's file.  *Id.* at 713.  The Third Circuit squarely

1  rejected these arguments by Defendant, finding that "information relating to the OFAC

2  alert is part of a consumer's 'file' as defined in the FCRA." *Id.* at 712.

3      18.    The Third Circuit in *Cortez* specifically found that Trans Union willfully

4  violated the FCRA by failing to disclose OFAC alerts in consumer files and by failing to

5  reinvestigate and correct an OFAC alert erroneously attributed by Trans Union to the

6  wrong consumer. *Id.* at 712-13.

7      19.    Nonetheless, despite this clear precedent directed to this Defendant, Trans

8  Union continues to compile and sell reports about consumers that include OFAC alerts,

9  without completely and truthfully disclosing such information to the consumers who are

10  the subject of such reports, such as Plaintiff.  Defendant remains in willful violation of

11  the FCRA and has refused to follow the Third Circuit's ruling in *Cortez*.  This practice

12  also willfully violates the CCRAA with respect to consumers in California.

13      20.    OFAC alerts are a part of the consumer's file and report and subject to the

14  maximum possible accuracy standard, as the Third Circuit has specifically advised Trans

15  Union under the FCRA:  "OFAC information included in a consumer report and sold

16  about a consumer falls within the purview of the FCRA, and the 'maximum possible

17  accuracy standard.'  Trans Union remains responsible for the accuracy in its reports under

18  the FCRA and it cannot escape that responsibility as easily as it suggests here. Congress

19  clearly intended to ensure that credit reporting agencies exercise care when deciding to

20  associate information with a given consumer, and the record clearly supports the jury's

21  determination that Trans Union did not exercise sufficient care here." *Cortez*, 617 F.3d

22  at 710.

23      21.    Defendant's practices with respect to OFAC alert information is not

24  accidental, nor a result of simple negligence, but instead a result of recklessly or

25  deliberately designed policies and procedures, and with full knowledge that its policies

26  and procedures were found to violate the FCRA by the Third Circuit in *Cortez,* and are

27  thus similarly in violation of the CCRAA.

**B.     The Experience Of The Representative Plaintiff**

22.     Plaintiff obtained a copy of his Trans Union file (entitled "Personal Credit Report") on October 26, 2011.

23.     The October 26, 2011 file included Plaintiff's personal identifying information, his account information and information about inquiries for his credit.

24.     After disclosing information under the headings of "Personal Information," "Adverse Accounts," "Satisfactory Accounts, "Regular Inquiries" and "Account Review Inquiries," the file then stated "End of Credit Report."

25.     Beneath the heading "End of Credit Report," the October 26, 2011 file stated as follows:

**-Begin Additional Information-**

**Additional Information**

    The following disclosure of information is provided as a courtesy to you.  This information is not part of your TransUnion credit report, but may be provided when TransUnion receives an inquiry about you from an authorized party.  This additional information can include Special Messages, Possible OFAC Name Matches, Income Verification and Inquiry Analysis Information.  Any of the previously listed information that pertains to you will be listed below.

26.     Thus, despite the holding of *Cortez*, Trans Union continues to intentionally misrepresent to consumers, such as Plaintiff, that OFAC alerts are not actually part of their reports or files.   This practice is also in contravention to the clear statutory requirements of the CCRAA.

27.     Because Defendant states that OFAC alerts are "additional information" provided only as a "courtesy," consumers such as Plaintiff are misguided into believing that they cannot dispute, and have corrected, any inaccurate or incomplete OFAC information that Defendant alone is attributing to them.

28.     Worse, Plaintiff's file with Defendant does not actually disclose the OFAC alert that Defendant has determined allegedly matches with Plaintiff.  The file states:

1

2

**Possible OFAC Match**

3

4

    The OFAC Database contains a list of individuals and entities that are prohibited by the U.S. Department of Treasury from doing business in or with the United States. Financial institutions are required to check customers' names against the OFAC Database, and if a potential name match is found, to verify whether their potential customer is the person on the OFAC Database.   For this reason, some financial institutions may ask for your date of birth, or they may ask to see a copy of a government-issued form of identification, such as a Driver's License, Social Security card, passport or birth certificate.  Some financial institutions will search names against this database themselves, or they may ask another company, such as TransUnion, to do so on their behalf.  We want you to know that this information may be provided to such authorized parties.

5

6

7

8

9

10

    As a courtesy to you, we also want to make sure you are aware that the name that appears on your TransUnion credit file **is considered a *potential* match to information listed on the United States Department of Treasury's Office of Foreign Asset Control ("OFAC") Database.**

11

12

13

    **The OFAC record that is considered a potential match to the name on your credit file is:**

14

15

16

17

    For more details regarding the OFAC Database, please visit:

18

    http://www.ustreas.gov/offices/enforcement/ofac/faq/index.shtml

19

    29.    Thus, following the sentence "The OFAC record that is considered a

20

potential match to the name on your credit file is:" Defendant places no data at all,

21

intentionally leaving the space blank, and leaving consumers such as Plaintiff to wonder

22

what information from the OFAC list Defendant thinks is attributable to them.

23

    30.    Defendant sold Plaintiff's credit report to the following third party users on

24

the following dates: Citibank, N.A. on August 8, 2011; Wells Fargo Financial, N.A. on

25

May 5, 2010; "Wells Fargo Fin Card" on December 7, 2009.  Defendant does not know

26

what content these reports contained and does not keep records of the data actually sold

27

to these third parties on the aforementioned dates. It is thus uncertain whether Defendant sold any OFAC alert information about Plaintiff to any third party.

31. The above quoted information relating to the OFAC alert concerning Plaintiff is part of his "file" as defined in the FCRA and CCCRA.

32. The October 26, 2011 file was not an accurate, complete or proper file disclosure as required by section 1681g(a) of the FCRA and sections 1785.10 and 1785.15 of the CCRAA.

33. The October 26, 2011 file violated section 1681g(a) of the FCRA, sections 1785.10 and 1785.15 of the CCRAA, and the Third Circuit's FCRA jurisprudence in *Cortez*, in a number of ways, including the following:

      a. Trans Union falsely represented that the OFAC information was not part of Plaintiff's credit report;

      b. The OFAC information was not included in the consumer's file but was instead set forth separately in a different disclosure labeled "Additional Information;"

      c. Trans Union represented that Plaintiff "is considered a *potential* match to information listed on" the OFAC Database (emphasis in original), but did not disclose the OFAC record considered a potential match that it would sell to a third party.

34. Plaintiff is neither a match to the OFAC list, nor a possible match, nor does any other entity or person "consider" Plaintiff to be a potential match.

35. Defendant, however, represents that Plaintiff is associated with some unknown individual on the OFAC list.

36. As a result of Defendant's conduct Plaintiff was misled concerning the information that Defendant was reporting about him to third parties, and is uncertain as to whether Defendant is in fact reporting Plaintiff as a match to an individual on the OFAC database.

37. Further, Plaintiff was deprived of all accurate information in his file, to which he is entitled, and the opportunity to dispute and correct any inaccurate OFAC alert that Defendant inaccurately associated with him on his report.

38. Plaintiff suffered humiliation and embarrassment that Defendant considers him a match or possible match to some suspected criminal on the OFAC list, and was distressed over the fact that Defendant does not even provide sufficient information about what suspected criminal's information is purportedly a match or a possible match with Plaintiff.

39. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

40. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action on behalf of the following Class: All persons residing at an address within the State of California to whom Trans Union provided a Personal Credit Report substantially similar in form to the one it provided to Plaintiff dated October 26, 2011, and described in paragraphs 22-29 above, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case.

42. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the Class numbers in the thousands.

43. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal questions

1    concern whether the Defendant violated the FCRA and the CCRAA by failing to provide

2    complete and truthful information relating to consumers in their personal credit reports;

3    and, whether Defendant acted willfully in violating the FCRA and CCRAA with

4    knowledge of the *Cortez* decision by the Third Circuit.

5           44.    Plaintiff's claims are typical of the claims of the Class, which all arise from

6    the same operative facts and are based on the same legal theories.

7           45.    Plaintiff will fairly and adequately protect the interests of the Class.

8    Plaintiff is committed to vigorously litigating this matter.  Further, Plaintiff has secured

9    counsel experienced in handling consumer class actions.  Neither Plaintiff nor his counsel

10   has any interests which might cause them not to vigorously pursue this claim.

11          46.    This action should be maintained as a class action because the prosecution

12   of separate actions by individual members of the Class would create a risk of inconsistent

13   or varying adjudications with respect to individual members which would establish

14   incompatible standards of conduct for the parties opposing the Class, as well as a risk of

15   adjudications with respect to individual members which would as a practical matter be

16   dispositive of the interests of other members not parties to the adjudications or

17   substantially impair or impede their ability to protect their interests.

18          47.    Whether Defendant violated the FCRA and CCRAA can be easily

19   determined by Defendant's policies and a ministerial inspection of Defendant's business

20   records.

21          48.    A class action is a superior method for the fair and efficient adjudication of

22   this controversy.  Management of the Class claims is likely to present significantly fewer

23   difficulties than those presented in many individual claims.  The identities of the Class

24   members may be derived from Defendant's records.

25

26

27

## COUNT I

### THE FORMAT OF DEFENDANT'S REPORTS IS MISLEADING AND INACCURATE IN VIOLATION OF THE FCRA § 1681g(a)

49.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

50.     Pursuant to section 1681n of the FCRA, Defendant is liable for willfully failing to provide consumers such as Plaintiff with an accurate disclosure with all information in the consumer's file in violation of 15 U.S.C. § 1681g(a).  Specifically, the Defendant's form of disclosure states that OFAC information is "Additional Information" provided as a "courtesy," and not part of the "credit report," thus leaving Plaintiff and the Class confused as to whether they had the right to dispute such information.  *See Miller v. Trans Union, LLC*, 2013 WL 5442059, at *5 (M.D. Pa. Sept. 27, 2013) ("[W]hen the form of the disclosure renders it confusing and unclear, it can be the basis for a violation of [FCRA] section 1681g.")

WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for statutory and punitive damages for violation of 15 U.S.C. § 1681g, pursuant to 15 U.S.C. § 1681n; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n; and that the Court grant such other and further relief as may be just and proper.

## COUNT II

### THE FORMAT OF DEFENDANT'S REPORTS IS MISLEADING AND INACCURATE IN VIOLATION OF THE CCRAA § 1785.10 & 1785.15

51.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

52.     Defendant is a "consumer credit reporting agency" as defined by CAL. CIV. CODE § 1785.3(d).

53.     Plaintiff is a "consumer" as that term is defined by CAL. CIV. CODE § 1785.3(b).

54.     The above-mentioned credit reports were "consumer credit reports" as that term is defined by CAL. CIV. CODE § 1785.3(c).

55.     Pursuant to Cal. Civ. Code § 1785.31, Defendant is liable for violating the CCRAA providing a confusing and unclear file disclosure in violation of CAL. CIV. CODE § 1785.10 and 1785.15 with respect to Plaintiff and the Class.   Specifically the Defendant's form of disclosure states that OFAC information is "Additional Information" provided as a "courtesy," leaving Plaintiff and the Class confused as to whether they had the right to dispute such information.

WHEREFORE, Plaintiff respectfully prays for an order certifying the proposed Class and appointing Plaintiff and his counsel to represent the Class; for judgment in favor of Plaintiff and the Class against Defendant Trans Union LLC for damages of $100 to $5,000 per Class member per violation of the CCRAA; for punitive damages; for injunctive relief; for costs and attorney's fees; and for such other and further relief as the Court may deem proper.

## COUNT III

### DEFENDANT'S REPORTS ARE SUBSTANTIVELY MISLEADING AND INACCURATE IN VIOLATION OF THE FCRA § 1681g(a)

56.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

57.     Pursuant to section 1681n of the FCRA, Defendant is liable for willfully failing to provide consumers such as Plaintiff with an accurate disclosure with all information in the consumer's file in violation of 15 U.S.C. § 1681g(a).  Specifically, Defendant's disclosure fails to accurately and completely disclose the name of the person on the OFAC list to whom the consumer is purportedly a match, or any OFAC information or lack thereof, in the consumer's file.  *See Miller v. Trans Union, LLC*, 2013

1    WL 5442059, at *5 (M.D. Pa. Sept. 27, 2013) (finding that a complaint based on an

2    identical disclosure stated a claim under FCRA section 1681g because "a consumer could

3    be confused an interpret the document to mean that the consumer is an OFAC match and

4    that the match information was intentionally omitted or not fully disclosed.")

5                WHEREFORE, Plaintiff respectfully prays that an order be entered certifying

6    the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and

7    appointing Plaintiff and his counsel to represent the Class; that judgment be entered for

8    Plaintiff and the Class against Defendant for statutory and punitive damages for

9    violation of 15 U.S.C. § 1681g, pursuant to 15 U.S.C. § 1681n; that the Court award

10   costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n; and that the Court

11   grant such other and further relief as may be just and proper.

## COUNT IV

### DEFENDANT'S REPORTS ARE SUBSTANTIVELY MISLEADING AND INACCURATE IN VIOLATION OF THE CCRAA § 1785.10 & 1785.15

58.      Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

59.      Pursuant to Cal. Civ. Code § 1785.31, Defendant is liable for violating the CCRAA by failing to provide consumers, upon request, with a copy of their disclosure containing all information on that consumer in violation of CAL. CIV. CODE § 1785.10 and 1785.15 with respect to Plaintiff and the Class.  Specifically, Defendant's disclosure fails to disclose the name of the person on the OFAC list to whom the consumer is purportedly a match, or any OFAC information or lack thereof in the consumer's file.

WHEREFORE, Plaintiff respectfully prays for an order certifying the proposed Class and appointing Plaintiff and his counsel to represent the Class; for judgment in favor of Plaintiff and the Class against Defendant Trans Union LLC for damages of $100 to $5,000 per Class member per violation of the CCRAA; for punitive damages; for

injuctive relief; for costs and attorney's fees; and for such other and further relief as the
Court may deem proper.

Dated: January 15, 2014

ANDERSON, OGILVIE & BREWER, LLP
and
FRANCIS & MAILMAN, P.C.
By:  */s/ John Soumilas*
JOHN SOUMILAS
Attorneys for Plaintiff and Class

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues.

Dated: January 15, 2014

ANDERSON, OGILVIE & BREWER, LLP
and
FRANCIS & MAILMAN, P.C.

By:    */s/ John Soumilas*
JOHN SOUMILAS
Attorneys for Plaintiff and Class