# EXHIBIT 2

Exhibit 2 to Declaration of John Soumilas, Esq. in Support of Plaintiff's Motion to Certify Class
Larson v. Trans Union, LLC,  No. 12-cv-05726

CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
STEPHEN J. NEWMAN (State Bar No. 181570)
BENJAMIN G. DIEHL (State Bar No. 192984)
JASON S. YOO (State Bar No. 261114)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
Email: lacalendar@stroock.com

Attorneys for Defendant
 TRANS UNION LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN DOUGLAS LARSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANSUNION, LLC,<br><br>Defendant. | Case No. 3:12-cv-05726-WHO<br><br>[Assigned to the Hon. William H. Orrick]<br><br>**RESPONSE OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:   Plaintiff BRIAN DOUGLAS LARSON

RESPONDING PARTY:   Defendant TRANS UNION LLC

SET NO.:   One

LA 51742500

CONFIDENTIAL/SUBJECT TO PROTECTIVE ORER

Pursuant to Federal Rule of Civil Procedure 33, defendant Trans Union LLC ("Trans Union") hereby objects to the First Set of Interrogatories (the "Interrogatories") propounded by plaintiff Brian Douglas Larson ("Plaintiff") as follows:

## PRELIMINARY STATEMENT

Trans Union responds to the Interrogatories based upon the investigation conducted in the time available since service of the Interrogatories. As of the date of these Responses, Trans Union has had an insufficient opportunity to review all documents, interview all personnel and otherwise obtain information that may prove relevant in this case, including, without limitation, through discovery of Plaintiff and/or third parties. As a consequence, Trans Union's Responses are based upon information now known to Trans Union and that Trans Union believes to be relevant to the subject matter covered by the Interrogatories. In the future, Trans Union may discover or acquire additional information, or may discover documents currently in its possession, bearing upon the Interrogatories and Trans Union's Responses thereto. Without in any way obligating itself to do so, Trans Union reserves the right: (1) to make subsequent revisions, supplementation or amendment to these Responses based upon any information, evidence, documents, facts and things that hereafter may be discovered, or the relevance of which may hereafter be discovered; and (2) to produce, introduce or rely upon additional or subsequently acquired or discovered writings, evidence and information at trial or in any pretrial proceedings held herein. Trans Union incorporates this Preliminary Statement into each Response herein as if fully set forth.

## GENERAL OBJECTIONS

1.   Trans Union objects to the Interrogatories to the extent that they seek to impose burdens on Trans Union that are inconsistent with, or in addition to, Trans Union's discovery obligations pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court. Trans Union will respond consistent with its discovery obligations pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.   Trans Union objects to the Interrogatories to the extent that they seek to impose on Trans Union the obligation to identify facts that are not known to Trans Union or Trans Union's

CONFIDENTIAL/SUBJECT TO PROTECTIVE ORER

personnel. Trans Union will not undertake to ascertain facts that are not reasonably within Trans Union's knowledge and control.

3. Trans Union objects to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine or any other privilege or immunity. Trans Union will not provide information that is subject to any such privilege or protection.

4. Trans Union objects to the Interrogatories to the extent that they seek confidential, proprietary business information that belongs to Trans Union.

5. Trans Union objects to the Interrogatories to the extent that they are not limited to a time period relevant or even proximate to the events at issue in this action.

6. Trans Union objects to the Interrogatories to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

7. Trans Union objects to the Interrogatories to the extent that they are vague and ambiguous.

8. Trans Union objects to the Interrogatories to the extent that they are overbroad, unduly burdensome and harassing.

9. Trans Union objects to the Interrogatories' use of the terms "OFAC message" and "form." For purposes of these Responses, the term "OFAC Header" shall refer to the following text, which was inadvertently displayed in connection with certain online file disclosures:

> As a courtesy to you, we also want to make sure you are aware that the name that appears on your TransUnion credit file is considered a potential match to information listed on the United States Department of Treasury's Office of Foreign Asset Control ("OFAC") Database. The OFAC record that is considered a potential match to the name on your credit file is:

10. Trans Union objects to the Interrogatories to the extent they exceed the proper scope of discovery prior to class certification.

11. Any information produced by Trans Union in response to the Interrogatories is subject to all objections as to competence, relevance, materiality and admissibility, as well as to any other objections on any grounds that would require the exclusion thereof if such information were offered into evidence, and Trans Union expressly reserves all such objections and such grounds.

12. Trans Union incorporates these general objections into each Response herein as if fully set forth. Without waiving any of the foregoing objections, all of which are incorporated by reference in the Responses below, Trans Union specifically responds to the Interrogatories as follows:

## SPECIFIC RESPONSES

**INTERROGATORY NO. 1:**

State the number of natural persons in the State of California to whom Defendant provided a Personal Credit Report containing an OFAC message, from September 11, 2010 to the present.

**RESPONSE TO INTERROGATORY NO. 1:**

Trans Union objects to this Interrogatory on the grounds, among others, that: (i) it is overly broad, burdensome and harassing; (ii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iii) it exceeds the proper scope of discovery prior to class certification; (iv) it seeks confidential, proprietary business information that belongs to Trans Union; and (v) discovery is ongoing. Without waiving and subject to, these objections and the General Objections, Trans Union responds to this Interrogatory as follows: Approximately 18,000 online disclosures displaying the OFAC Header were potentially available to be viewed online by natural persons in the State of California from September 11, 2010 to the present. Trans Union has no knowledge of how many or which consumers, if any, actually read the OFAC Header.

CONFIDENTIAL/SUBJECT TO PROTECTIVE ORER

**INTERROGATORY NO. 2:**

Identify by name and address the persons who comprise your response to Interrogatory No. 1.

**RESPONSE TO INTERROGATORY NO. 2:**

Trans Union objects to this Interrogatory on the grounds, among others, that: (i) it is overly broad, burdensome and harassing; (ii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iii) it exceeds the proper scope of discovery prior to class certification; (iv) it seeks confidential, proprietary business information that belongs to Trans Union; (v) it seeks information in which non-parties have a legitimate expectation or right of privacy; and (vi) discovery is ongoing.

**INTERROGATORY NO. 3:**

State the number Personal Credit Reports disclosed to natural persons in the State of California containing an OFAC message, from September 11, 2010 to the present.

**RESPONSE TO INTERROGATORY NO. 3:**

Trans Union objects to this Interrogatory on the grounds, among others, that: (i) it is overly broad, burdensome and harassing; (ii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iii) it exceeds the proper scope of discovery prior to class certification; (iv) it seeks confidential, proprietary business information that belongs to Trans Union; and (v) discovery is ongoing. Without waiving and subject to, these objections and the General Objections, Trans Union responds to this Interrogatory as follows: Approximately 18,000 online disclosures displaying the OFAC Header were potentially available to be viewed online by natural persons in the State of California from September 11, 2010 to the present. Trans Union has no knowledge of how many or which consumers, if any, actually read the OFAC Header.

CONFIDENTIAL/SUBJECT TO PROTECTIVE ORER

**INTERROGATORY NO. 4:**

Identify by name and address the persons who comprise your response to Interrogatory No. 3.

**RESPONSE TO INTERROGATORY NO. 4:**

Trans Union objects to this Interrogatory on the grounds, among others, that: (i) it is overly broad, burdensome and harassing; (ii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iii) it exceeds the proper scope of discovery prior to class certification; (iv) it seeks confidential, proprietary business information that belongs to Trans Union; (v) it seeks information in which non-parties have a legitimate expectation or right of privacy; and (vi) discovery is ongoing.

**INTERROGATORY NO. 5:**

Identify every communication and every person, who, within the previous five years, contacted you to question or dispute the inclusion of an OFAC message on their Personal Credit Report.

**RESPONSE TO INTERROGATORY NO. 5:**

Trans Union objects to this Interrogatory on the grounds, among others, that: (i) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action because Plaintiff did not dispute the inclusion of the OFAC Header on his file disclosure and does not assert a claim under Cal. Civ. Code § 1785.16 or 15 U.S.C. § 1681i; (ii) it is vague and ambiguous; (iii) it is overly broad, burdensome and harassing; (iv) it exceeds the proper scope of discovery prior to class certification; (v) it seeks confidential, proprietary business information that belongs to Trans Union; (vi) it seeks information in which non-parties have a legitimate expectation or right of privacy; and (vii) discovery is ongoing.

CONFIDENTIAL/SUBJECT TO PROTECTIVE ORER

**INTERROGATORY NO. 6:**

Identify every communication and every person, who, within the previous five years, contacted you to question or dispute the inclusion of an OFAC message on their Personal Credit Report which, like Plaintiff's October 26, 2011 Personal Credit report, failed to specifically identify the OFAC record associated with the report.

**RESPONSE TO INTERROGATORY NO. 6:**

Trans Union objects to this Interrogatory on the grounds, among others, that: (i) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action because Plaintiff did not dispute the inclusion of the OFAC Header on his file disclosure and does not assert a claim under Cal. Civ. Code § 1785.16 or 15 U.S.C. § 1681i; (ii) it is vague and ambiguous; (iii) it is overly broad, burdensome and harassing; (iv) it exceeds the proper scope of discovery prior to class certification; (v) it seeks confidential, proprietary business information that belongs to Trans Union; (vi) it seeks information in which non-parties have a legitimate expectation or right of privacy; and (vii) discovery is ongoing.

**INTERROGATORY NO. 7:**

Identify every person who recommended any change or assisted in implementing any change to your disclosure practices with regard to Personal Credit Reports as a result of *Cortez v. Trans Union, LLC*, 627 F.3d 688 (3d Cir. 2010), from August 2010 to the present, and describe with specificity each person's role in any change(s).

**RESPONSE TO INTERROGATORY NO. 7:**

Trans Union objects to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overly broad, burdensome and harassing; (iii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iv) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; (v) it seeks confidential, proprietary business information that belongs to Trans Union; and (vi) discovery is ongoing. Without waiving and

CONFIDENTIAL/SUBJECT TO
PROTECTIVE ORER

subject to, these objections and the General Objections, Trans Union responds to this Interrogatory as follows: Numerous Trans Union personnel were involved with implementing changes to Trans Union's disclosure practices with respect to the OFAC Header, and it would be unduly burdensome to identify all such personnel. These people include, without limitation, Steven Katz, Eric Keating, Sean Walker, Robert Lytle, Denise Briddell, Brian Thackrey and Lisa Dickens.

**INTERROGATORY NO. 8:**

Identify every person who recommended any change or assisted in implementing any change to your disclosure practices with regard to Personal Credit Reports in the form of Plaintiff's October 26, 2011 Personal Credit Report, which failed to specifically identify the OFAC record associated with the report, from September 2010 to the present, and describe with specificity each person's role in any change(s).

**RESPONSE TO INTERROGATORY NO. 8:**

Trans Union objects to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overly broad, burdensome and harassing; (iii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iv) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; (v) it seeks confidential, proprietary business information that belongs to Trans Union; and (vi) discovery is ongoing. Without waiving and subject to, these objections and the General Objections, Trans Union responds to this Interrogatory as follows: Numerous Trans Union personnel were involved with implementing changes to Trans Union's disclosure practices with regard to the OFAC Header, and it would be unduly burdensome to identify all such personnel. These people include, without limitation, Steven Katz, Eric Keating, Sean Walker, Robert Lytle, Denise Briddell, Brian Thackrey and Lisa Dickens. Also providing assistance in regard to technical matters were employees or contractors of Saksoft, Inc. (411 Lexington Ave., #602, New York, NY 10017), including Sunil Gopinathan.

CONFIDENTIAL/SUBJECT TO PROTECTIVE ORER

**INTERROGATORY NO. 9:**

With respect to Personal Credit Reports containing an OFAC message and failed to specifically identify the OFAC record associated with the report, specify:

    a.    when that format was first disclosed to any consumer;

    b.    when, if ever, that format was changed by you;

    c.    why and how it was changed;

    d.    who implemented any changes.

**RESPONSE TO INTERROGATORY NO. 9:**

Trans Union objects to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overly broad, burdensome and harassing; (iii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iv) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; (v) it seeks confidential, proprietary business information that belongs to Trans Union; (vi) discovery is ongoing; and (vii) it assumes that Trans Union had a duty to "specifically identify the OFAC record associated with the report." Without waiving and subject to, these objections and the General Objections, Trans Union responds to this Interrogatory as follows:

In September 2011, Trans Union began including OFAC information in the online consumer disclosures it delivered through its website. On October 21, 2011, Trans Union became aware of an online display error relating to the OFAC Header, the cause of which ultimately was determined to be a coding error. The coding error inadvertently caused certain online disclosures with certain additional information (but not OFAC information), to display the OFAC Header. The OFAC Header was intended to be included only on consumer disclosures that would return a potential name match to an OFAC record. During the period when the error persisted, the OFAC Header would appear with a blank space beneath it. Trans Union contends that a reasonable consumer would interpret the blank space to signify the absence of any potentially matching record, and Trans Union is aware of no consumer who actually interpreted it differently. Nor is

- 8 -
RESPONSE OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Case No. 3:12-cv-05726-WHO

LA 51742500

CONFIDENTIAL/SUBJECT TO PROTECTIVE ORER

Trans Union aware of which specific consumers did or did not actually read the OFAC Header. The OFAC Header was displayed only in connection with certain online file disclosures and did <u>not</u> appear on credit reports prepared for third parties. The OFAC Header never erroneously appeared on file disclosures that were printed and mailed to consumers. Trans Union promptly investigated the display error after the error's discovery and took prompt corrective action. The OFAC Header was never erroneously displayed after October 27, 2011.

**INTERROGATORY NO. 10:**

Identify the person at your company with the highest degree of responsibility or oversight for the OAFC Name Screen, including how it is to be reported to third parties and/or disclosed to consumers.

**RESPONSE TO INTERROGATORY NO. 10:**

Trans Union objects to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overly broad, burdensome and harassing; (iii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iv) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; (v) it seeks confidential, proprietary business information that belongs to Trans Union; and (vi) discovery is ongoing.

Dated: April 14, 2014

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN
BENJAMIN G. DIEHL
JASON S. YOO

By: *[signature]*
Stephen J. Newman

Attorneys for Defendant
TRANS UNION LLC

- 9 -

RESPONSE OF DEFENDANT TRANS UNION LLC TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES
Case No. 3:12-cv-05726-WHO

LA 51742500

VERIFICATION TO FOLLOW

# PROOF OF SERVICE

STATE OF CALIFORNIA       )
                          ) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Los Angeles, CA 90067-3086.

On April 14, 2014, I served the foregoing document(s) described as **RESPONSE OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** on the interested parties in this action as follows:

**SEE SERVICE LIST**

☐ **(VIA PERSONAL SERVICE)** By causing the document(s), in a sealed envelope, to be delivered to the person(s) at the address(es) set forth above.

☑ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

☐ **(VIA E-MAIL)** Based on a court order or an agreement of the parties to accept service by e-mail, I caused the documents to be sent to the persons at the e-mail addresses listed in the attached Service List.

☐ **(VIA OVERNIGHT DELIVERY)** By causing the document(s), in a sealed envelope, to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express, or by a similar overnight delivery service.

I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 14, 2014, at Los Angeles, California.

Regina Harcourt
[Type or Print Name]                              [Signature]

LA 51742500

## SERVICE LIST

John Soumilas, Esq.
FRANCIS AND MAILMAN, P.C.
Land Title Building
100 South Broad Street, 19th Floor
Philadelphia, PA 19110

Andrew J. Ogilvie, Esq.
ANDERSON, OGILVIE & BREWER LLP
235 Montgomery Street, Suite 914
San Francisco, CA 94104

CONFIDENTIAL/SUBJECT TO PROTECTIVE ORER

## VERIFICATION

I, Brian Thackrey, am an agent of Trans Union LLC ("Trans Union") and am authorized to make this Verification on its behalf. I have read the foregoing Responses of Trans Union to Plaintiff's First Set of Interrogatories. The matters set forth in these responses are true of my own personal knowledge, except where such knowledge is based on a review of Trans Union's books and records and, as to such matters, I am informed and believe that they are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 14 day of April, 2014, at Chicago, Illinois.

*[signature]*
Brian Thackrey

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 10 -

RESPONSE OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Case No. 3:12-cv-05726-WHO

LA 51742500