STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
STEPHEN J. NEWMAN (State Bar No. 181570)
BRIAN C. FRONTINO (State Bar No. 222032)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone:  310-556-5800
Facsimile:   310-556-5959
Email: lacalendar@stroock.com

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY
BRUCE S. LUCKMAN (Admitted Pro Hac Vice)
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone:     856-662-0700
Email: bluckman@shermansilverstein.com

Attorneys for Defendant
  TRANSUNION LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN DOUGLAS LARSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 3:12-cv-05726-WHO

[Assigned to the Hon. William H. Orrick]

**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON TRANS UNION LLC'S THIRD AFFIRMATIVE DEFENSE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Hearing
Date: May 6, 2015
Time: 2:00 p.m.
Ctrm: 2

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on May 6, 2015, at 2:00 p.m., or as soon thereafter as counsel may be heard before the Honorable William H. Orrick in Courtroom 2 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California 94612, defendant Trans Union LLC ("TransUnion") will and hereby does move the Court pursuant to Federal Rule of Civil Procedure 56 for an Order granting TransUnion's Motion for Summary Judgment against plaintiff Brian Douglas Larson ("Plaintiff").

This Motion is made on the grounds that there is no genuine issue of material fact, and that as a matter of law, TransUnion's Third Affirmative Defense bars Plaintiff's claim. Specifically, Plaintiff may not sue TransUnion under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. based upon an allegedly defective file disclosure because TransUnion was not subject to any requirement to provide that disclosure to Plaintiff.

**Meet and Confer Certification**: Pursuant to the Court's standing order, the parties met and conferred before TransUnion filed this motion.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Denise Briddell and Stephen J. Newman, the pleadings and records on file herein, and such other evidence and arguments as may be presented to the Court prior to or at the hearing of this Motion.


Dated: March 13, 2015

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN
BRIAN C. FRONTINO

SHERMAN, SILVERSTEIN, KOHL, ROSE &
PODOLSKY
BRUCE S. LUCKMAN (Admitted Pro Hac Vice)


By:    /s/ Stephen J. Newman
                                    Stephen J. Newman

Attorneys for Defendant
        TRANSUNION LLC

# TABLE OF AUTHORITIES

Page

I.    INTRODUCTION ................................................................................................. 1

II.   UNCONTROVERTED FACTS .......................................................................... 3

      A.    The Temporary Display Of An OFAC Header ........................................ 3

      B.    Plaintiff's Requests For Free File Disclosures ....................................... 3

      C.    TransUnion Requests Evidence Of Any Notice Of Adverse Action........... 4

      D.    The Alleged Notices Of Adverse Action.................................................. 5

      E.    The Credit Card Account Closure ............................................................ 6

      F.    TransUnion's Third Affirmative Defense ................................................ 7

III.  ARGUMENT ...................................................................................................... 7

      A.    Legal Standard For A Motion For Summary Judgment ........................... 7

      B.    Plaintiff's Claim Fails Because TransUnion Was Not Required To Provide
            Him With The Disclosure Upon Which He Sues ...................................... 8

            1.    Plaintiff Must Demonstrate The Existence Of A "Requirement" Of
                  The FCRA As A Predicate For His Statutory Damages Claim .......... 8

            2.    Plaintiff Had No Right To Receive The File Disclosure .................... 8

                  a.    Plaintiff Knew He Was Not Entitled To A Free Annual
                        Disclosure In October 2011 ................................................ 8

                  b.    Plaintiff Was Not Exempt From The $8.00 Fee By Reason Of
                        A Qualifying Adverse Action.............................................. 9

            3.    None Of The Letters Produced By Plaintiff In Discovery Constitute
                  Notice Of Adverse Action ............................................................ 10

            4.    Plaintiff Cannot Rely On The Closure Of The WF Credit Card As A
                  Qualifying Adverse Action............................................................ 13

IV.   CONCLUSION ................................................................................................. 15

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Ashby v. Farmers Ins. Co.,
    565 F. Supp. 2d 1188 (D. Or. 2008) ........................................................................... 10

Calderone v. United States,
    799 F.2d 254 (6th Cir. 1986) ....................................................................................... 7

Edeh v. Equifax Info. Servs., LLC,
    919 F. Supp. 2d 1006 (D. Minn. 2013) ...................................................................... 10

Fischl v. Gen. Motors Acceptance Corp.,
    708 F.2d 143 (5th Cir. 1983) ..................................................................................... 12

Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos.,
    210 F.3d 1099 (9th Cir. 2000) .................................................................................... 7

Parker v. Time Warner Entm't Co., L.P.,
    331 F.3d 13 (2d Cir. 2003) .......................................................................................... 1

Safeco Ins. Co. v. Burr,
    551 U.S. 47 (2007) ........................................................................................... 9, 13, 14

Stillmock v. Weis Markets, Inc.,
    385 Fed. Appx. 267 (4th Cir. 2010) ............................................................................ 1

**Statutes**

15 U.S.C. § 1681 ............................................................................................... *passim*

15 U.S.C. § 1681a .................................................................................................... 9

15 U.S.C. § 1681g ............................................................................................ *passim*

15 U.S.C. § 1681j ............................................................................................. *passim*

15 U.S.C. § 1681m ................................................................................... 5, 9, 11, 12

15 U.S.C. § 1681n ............................................................................................ *passim*

15 U.S.C. § 1691(d)(6) ............................................................................. 9, 11, 12, 14

Cal. Civ. Code § 1785.15(f) ..................................................................................... 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Rules**

31 C.F.R. § 501 App. A...................................................................................................................3

Fed. R. Civ. P. 23 .........................................................................................................................1

Fed. R. Civ. P. 56 .........................................................................................................................7

**Other Authorities**

5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1278
    (3d ed. 2004).............................................................................................................................7

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT - CASE NO. 3:12-CV-05726-WHO
LA 51813704

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff seeks to impose massive class action liability on TransUnion based on an accidental computer coding error that for a short period of time affected how certain credit file disclosures displayed online.  He does not allege that he or anyone else was injured by the erroneous display.  Rather, he wishes to invoke the draconian statutory damages provisions of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"), in circumstances where they were never meant to apply.  He demands, pursuant to 15 U.S.C. § 1681n(a)(1), that TransUnion pay $1,000 to each of the approximately 18,000 consumers in California who potentially may have seen the erroneous display:  an $18,000,000 penalty for something that was truly inadvertent and harmed no one.

Courts have previously expressed concern about the extreme consequences of statutory damages class actions.  See Stillmock v. Weis Markets, Inc., 385 Fed. Appx. 267, 276 (4th Cir. 2010) (Wilkinson, J., concurring) ("Certainly nothing in 15 U.S.C. § 1681n(a)(1) would lead us to believe that Congress intended the modest range of statutory damages to be transformed into corporate death by a thousand cuts through Rule 23.  'A claim of this sort creates a tension between the statutory provisions for minimum damages and the Rule 23 provisions for class actions that probably was not within the contemplation of those who promulgated either the statute or the rule.'") (quoting Parker v. Time Warner Entm't Co., L.P., 331 F.3d 13, 26 (2d Cir. 2003)).

Regardless of these bigger issues relating to the proper scope of the statute and its relationship to Federal Rule of Civil Procedure 23, the present case may be resolved on a narrow issue, pursuant to the language of the statutory text itself.  Quite simply, Plaintiff has no right to sue TransUnion under the sole theory pleaded in the Amended Complaint, that TransUnion allegedly violated the disclosure requirement of 15 U.S.C. § 1681g.  The present Motion for Summary Judgment asks this Court to address one question:  May Plaintiff sue TransUnion based on an allegedly defective disclosure, even though the FCRA did not require TransUnion to provide the disclosure to Plaintiff?

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

Section 1681g provides consumers with a right to disclosure of certain information within their credit files.  Under Section 1681j, this right may be exercised once per year for free.  To the extent the consumer seeks disclosure more often than annually, he must pay for the information <u>unless</u> he falls within another exemption provided for in the statute.  Critically, Plaintiff knew that he was only entitled to one free disclosure per year, but made a false representation to TransUnion to procure the disclosure upon which he sues.  TransUnion informed him in 2010 and again in 2011 that he was only entitled to one free disclosure per year.

Plaintiff received a free file disclosure in August 2011 and knew he was not entitled to another free file disclosure until August 2012 unless he qualified for an exemption under the statute.[1]  Rather than pay the $8.00 fee, Plaintiff falsely informed TransUnion in October 2011 that he was entitled to another disclosure and that he was exempt from the fee by reason of having been denied credit as a result of information on a TransUnion credit report.[2]  Discovery has revealed, however, that Plaintiff was <u>not</u> in fact the subject of any qualifying credit denial.  In other words, Plaintiff had no right to receive the disclosure upon which his lawsuit is based.

Plaintiff's claim depends on proof that TransUnion willfully failed to comply with a "requirement" under the FCRA.  15 U.S.C. § 1681n(a).[3]  Yet, because Plaintiff never paid the fee he knew the statute demands, and because, contrary to his representation, he was in fact not exempt from the fee, no "requirement" to disclose was triggered.  TransUnion could not have <u>willfully</u> violated a requirement that did not exist.

For the foregoing reasons, and those set forth herein, TransUnion's Motion for Summary Judgment as to its Third Affirmative Defense should be granted.

---

[1]  Plaintiff does not plead that any of the earlier disclosures were defective.  (<u>See</u> Plaintiff's Amended Complaint, Docket No. 39.)

[2]  The statute identifies other circumstances permitting a free disclosure, but Plaintiff did not rely on those provisions in seeking his disclosure and does not contend they apply to him.

[3]  Claims asserted under a California statute were dismissed by Order dated April 14, 2014. (Order on Motion to Dismiss Amended Complaint, Docket No. 52.)

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

## II.   UNCONTROVERTED FACTS

There is no genuine dispute of facts as to the following:

### A.   The Temporary Display Of An OFAC Header

On September 22, 2011, a computer coding error resulted in the erroneous display of an "OFAC Header" on certain online consumer disclosures where no OFAC data was contained in the consumer's TransUnion file, and where no OFAC data had been sold to any third party about the consumer.[4]  (Declaration of Stephen J. Newman ("Newman Decl."), Exh. A at 173:13-174:8; Exh. L at 44:22-45:20, 46:4-21, 60:13-21.)  The error occurred only on disclosures viewed online.  (Id., Exh. L at 63:22-64:4, 67:19-68:6.)  It did not occur in hard-copy mailed disclosures.  (Id., Exh. L at 67:19-68:6.)  The OFAC Header consisted of language explaining the nature of OFAC data, but a blank space appeared in the header where data would have been populated if there were data.  (Id., Exh. L at 46:10-21, 49:24-50:12.)  No OFAC data was sold about Plaintiff.  (Id., Exh. A at 173:13-174:8.)  Plaintiff alleges that when he reviewed his file disclosure online on October 26, 2011, he observed the OFAC Header error.  (Id., Exh. O at 39:2-40:12; Plaintiff's Amended Complaint, Docket No. 39, at ¶¶ 22-25.)

### B.   Plaintiff's Requests For Free File Disclosures

As mandated by the 2003 Fair and Accurate Credit Transactions Act ("FACTA") amendments to FCRA, codified in part at 15 U.S.C. § 1681j(a)(1)(A), TransUnion provides consumers with one free file disclosure during any twelve-month period upon the consumer's request (the "Free Annual Disclosure").  (Declaration of Denise Briddell ("Briddell Decl.") at ¶ 4.)  On July 15, 2010, Plaintiff requested his Free Annual Disclosure from TransUnion.  (Id. at ¶ 5.)  On July 16, 2010, TransUnion sent Plaintiff a letter, stating that FACTA only requires a free disclosure once every twelve months.  (Id. at ¶ 5, Exh. A.)  TransUnion provided Plaintiff with an order form and, as FACTA permits (see 15 U.S.C. § 1681j(f)(1)(A)), instructed him to provide

---

[4]  "OFAC" refers to the U.S Treasury's Office of Foreign Assets Control.  31 C.F.R. § 501 App. A. U.S. financial institutions may not transact with persons on the OFAC list without receiving a license to do so.  Id.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

payment in the amount of $8.00 if he desired an additional file disclosure within the same twelve-month period.[5]  (Briddell Decl. at ¶ 5, Exh. A.)

On August 11, 2011, Plaintiff again requested his Free Annual Disclosure, which TransUnion provided, as more than twelve months had passed since his last Free Annual Disclosure.  (Id. at ¶ 6.)  Plaintiff does not contend in the Amended Complaint that the August 2011 disclosure was defective.  (See Plaintiff's Amended Complaint, Docket No. 39.)  In October 2011, Plaintiff went online to request a new disclosure.  (Briddel Decl. at ¶ 7; Newman Decl., Exh. I at No. 17; Exh. O at 30:17-21.)  Rather than pay the required fee for the file disclosure, Plaintiff informed TransUnion that he qualified for a free-free disclosure because within the last 60 days he had received notice that information on a TransUnion credit report resulted in his being denied credit.  (Briddell Decl. at ¶¶ 7-8, Exhs. B, C; Newman Decl., Exh. I at Nos. 18, 19; Exh. O at 30:22-24.)  Relying on Plaintiff's representation, TransUnion provided Plaintiff with the online file disclosure that is the subject of this litigation.  (Briddell Decl. at ¶ 9; Newman Decl., Exh. J. at pp. 1-18.)

In August 2012, after twelve months had passed since his prior Free Annual Disclosure, Plaintiff requested and received another Free Annual Disclosure.  (Briddell Decl. at ¶ 10.)  Plaintiff's Amended Complaint does not allege that this Free Annual Disclosure contained the OFAC Header or any other defects.  (See Amended Complaint, Docket No. 39.)

## C.   TransUnion Requests Evidence Of Any Notice Of Adverse Action

After this litigation was commenced, TransUnion requested that Plaintiff produce evidence of any qualifying notices of adverse action.  More specifically, on February 13, 2014, TransUnion's counsel asked Plaintiff's counsel, via letter, to "please provide us with any and all documents and information which support Plaintiff's contention that he received notification of adverse action which entitled him to a free file disclosure."  (Newman Decl., at ¶ 3, Exh. B.)  Plaintiff's counsel did not respond to this letter.  (Id. at ¶ 4.)  TransUnion then formally requested discovery of the adverse action notice that supposedly qualified Plaintiff to receive a free file disclosure.  In particular, on August 20, 2014, TransUnion propounded special interrogatories to Plaintiff,

---

[5]  Although the current fee under FACTA is $12.00, under California law, residents are only required to pay $8.00.  See Cal. Civ. Code § 1785.15(f).

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

1    requesting that, among other things, Plaintiff identify "any and all notifications of adverse action,

2    as described in 15 U.S.C. § 1681j(b) and 15 U.S.C. § 1681m(a)" he had received.  (Id., Exh. C at

3    No. 19.)  TransUnion also propounded requests for production of documents to Plaintiff, requesting

4    Plaintiff produce all documents evidencing any notifications of adverse action.  (Id., Exh. D at No.

5    19.)  Finally, TransUnion propounded requests for admission, asking Plaintiff to admit he "did not

6    receive any notification of adverse action as described in 15 U.S.C. § 1681j(b) and 15 U.S.C. §

7    1681m(a)."  (Id., Exh. E at No. 20.)

8            In response, on October 3, 2014, Plaintiff produced to TransUnion only twenty documents.

9    (Id. at ¶ 8, Exhs. F, J.)  On November 3, 2014, TransUnion's counsel sent Plaintiff's counsel a

10   meet-and-confer letter, stating that none of the documents produced by Plaintiff "evidence or relate

11   to a notification of adverse action as described in 15 U.S.C. § 1681j(b) or 15 U.S.C. § 1681m(a)."

12   (Id. at ¶ 13, Exh. K.)  In response, Plaintiff's counsel confirmed that Plaintiff made "a complete

13   production" and that "[t]he documents produced, as well as the incidents described in Plaintiff['s]

14   responses to RFAs 18-19, explain the reasons [Plaintiff] sought a copy of his file disclosure from

15   TransUnion."[6]  (Id., Exh. M.)  Plaintiff's counsel further confirmed that "Plaintiff [] does not have

16   any additional documents responsive to these requests."  (Id.)  On December 2, 2014, Plaintiff's

17   counsel likewise stated that "Plaintiff provided complete responses to [TransUnion's] document

18   requests on October 3, 2014 . . ."  (Id., Exh. N.)  At his deposition on December 12, 2014, Plaintiff

19   himself confirmed that no other documents exist.  (Id., Exh. O at 21:2-5, 22:10-13.)

20   **D.    The Alleged Notices Of Adverse Action**

21          Of the twenty documents produced, Plaintiff now relies on documents bates–labeled Larson

22   0019 and 0020 as the two supposed adverse action notices; one from Reward Zone program

23   MasterCard dated October 25, 2011 (the "MasterCard Letter") and one from GE Capital Retail

24   Bank dated October 27, 2011 (the "GE Capital Letter").  (Newman Decl., Exh. J at pp. 19-20.)

25   _____
     [6] TransUnion's Request for Admission ("RFA") Number 18 asked Plaintiff to admit that he
26   informed TransUnion he was entitled to a free file disclosure because he was denied credit, to
     which Plaintiff responded:  "Admitted that Plaintiff requested a free file disclosure after a credit
     card account was closed."  (Id., Exhs. E, I at No. 18.)  Similarly, TransUnion's RFA Number 19
27   asked Plaintiff to admit that he was not denied credit between June 25, 2011 and October 27, 2011
     as a result of any information in a TransUnion consumer report, to which Plaintiff responded:
28   "Denied.  Plaintiff believes a credit card account was closed due to information contained in his
     TransUnion consumer report."  (Id., Exhs. E, I at No. 19.)

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT - CASE NO. 3:12-CV-05726-WHO

The October 25, 2011 MasterCard Letter provides in pertinent part that "we are unable to grant a credit limit increase on the account referenced above because customer requested credit limit increases are not available for your credit card program at this time." (Id., Exh. J at p. 19.)  In other words, no limit increases were being granted to anyone in that program, regardless of their credit standing.  Nothing in the letter suggests that any data from any TransUnion credit report played any role in this decision.  (See id.)

The October 27, 2011 GE Capital Letter provides in pertinent part, "GE CAPITAL RETAIL BANK has reviewed your request to increase the amount of credit or to make additional purchases on your Walmart® Discover® Card® account.  [¶]  At this time, we are unable to approve your request due to insufficient experience at your current credit limit." (Id., Exh. J at p. 20.)  Again, no TransUnion data had anything to do with the decision; Plaintiff just did not have the card long enough to merit a credit line increase.  (See id.)

Neither letter stated that it relied in any way on TransUnion data, and Plaintiff has not identified any contrary evidence, even after subpoenaing the bank.  (See id., Exh J at pp. 19-20; Exhs. P, Q.)  Moreover, Plaintiff admitted at his deposition that he received both of these letters after he requested his free file disclosure on October 26, 2011.  (Id., Exh. O at 71:12-23, 72:12-19.)

**E.     The Credit Card Account Closure**

Plaintiff also claims that he suffered an adverse action as a result of a closure of a credit card account.  In particular, Plaintiff stated in his discovery responses that he "believes a credit card account was closed due to information in his TransUnion consumer report."  (Newman Decl., Exh. I at No. 19.)  At his deposition, Plaintiff clarified that he was referring to a Wells Fargo Financial Card, Account Number 604870000629 (the "WF Credit Card").  (Id., Exh. O at 34:23-35:21, 85:3-17.)  The WF Credit Card was closed on July 26, 2011 –three months before Plaintiff's request for a free file disclosure (i.e., not within 60 days of October 26, 2011).  (Newman Decl., Exh. J at p. 10; Exh. O at 89:9-19.)  At the time of its closure, Plaintiff's account connected to the WF Credit Card was in good standing.  (Id., Exh. J at p. 10.)  Plaintiff's file disclosure states that the WF Credit Card was "closed by consumer," but Plaintiff contends that it was closed by Wells Fargo. (Newman Decl., Exh. J at p. 10; Exh. O at 87:14-88:25.)  Although Plaintiff testified that he knew

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

he had the right to dispute incorrect information on his file disclosure and that he previously has disputed incorrect information on his file disclosure on multiple occasions, Plaintiff never disputed the notation establishing that the WF Credit Card was "closed by consumer." (Newman Decl., Exh. O at 32:8-25, 89:4-6.) Plaintiff has not produced any notice of adverse action in connection with the closure of the WF Credit Card. (Newman Decl. at ¶ 18.)

**F.** **TransUnion's Third Affirmative Defense**

On May 2, 2014, TransUnion filed its Answer to Plaintiff's Amended Complaint. (Defendant's Answer, Docket No. 53.) In TransUnion's Third Affirmative Defense, TransUnion alleges that "Plaintiff's claims are barred because he misstated his entitlement to a free file disclosure and pursuant to 15 U.S.C. § 1681j had no right to receive the file disclosure upon which he sues." (Defendant's Answer, Docket No. 53, at ¶ 62.)

**III.   ARGUMENT**

**A.** **Legal Standard For A Motion For Summary Judgment**

A party is entitled to judgment as a matter of law where there is no genuine issue as to any material fact affecting a claim for relief. See Fed. R. Civ. P. 56. A motion for summary judgment provides a procedure for terminating actions without trial where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where, like here, the moving party does not have the ultimate burden of persuasion at trial, the moving party can succeed on summary judgment by disproving an essential element of the opposing party's claim or by demonstrating that the opposing party does not have enough evidence of an essential element of its claim to carry its burden of persuasion at trial. See Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).[7]

---

[7] To be clear, Plaintiff has the ultimate burden of persuasion at trial to establish that TransUnion willfully failed to comply with a "requirement" under the FCRA, thereby entitling Plaintiff to relief. 15 U.S.C. § 1681n(a); see also Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986) (stating that plaintiff has the burden of proof on a claim for relief). The fact that TransUnion has alleged as part of its Answer that Plaintiff's claims are barred because he misstated his entitlement to a free file disclosure does not change Plaintiff's burden at trial. See 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1278 (3d ed. 2004) (stating that where a defendant pleads a matter "as an affirmative defense that could have been raised by a denial, there is no reason to penalize him . . . by shifting the burden of proof from the plaintiff to the defendant by invoking the fiction that by pleading affirmatively on the matter the defendant intended to assume the burden of proof." ).

- 7 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

**B.** **Plaintiff's Claim Fails Because TransUnion Was Not Required To Provide Him With The Disclosure Upon Which He Sues**

    **1.** **Plaintiff Must Demonstrate The Existence Of A "Requirement" Of The FCRA As A Predicate For His Statutory Damages Claim**

Plaintiff seeks only statutory damages under Section 1681n, which provides that "[a]ny person who willfully fails to comply with any <u>requirement</u> imposed under this subchapter with respect to any consumer is liable" for damages. 15 U.S.C. § 1681n(a) (emphasis added). Thus, to prevail on his claim, Plaintiff must establish that TransUnion was <u>required</u> by the FCRA to disclose his file to him. Because, as discussed in detail below, Plaintiff never paid the required fee under the FCRA, and because Plaintiff falsely represented his supposed exemption from the fee, no "requirement" to provide a file disclosure ever was triggered. Therefore, Plaintiff is not entitled to any recovery under Section 1681n(a), the only claim-authorizing provision he invokes in his Amended Complaint.

    **2.** **Plaintiff Had No Right To Receive The File Disclosure**

        **a.** **Plaintiff Knew He Was Not Entitled To A Free Annual Disclosure In October 2011**

TransUnion's Third Affirmative Defense is valid and bars Plaintiff's claims because Plaintiff had no right to receive the file disclosure upon which his entire lawsuit is based. Consumers wishing to receive a file disclosure must pay a fee unless they are exempt. 15 U.S.C. § 1681j(f)(1)(A)(i). Consumers are entitled to only one free file disclosure annually. 15 U.S.C. § 1681j(a)(1)(A). Based on the letter Plaintiff received from TransUnion on July 16, 2010, Plaintiff knew that his receipt of a Free Annual Disclosure in August 2011 meant that he was not entitled to another one until August 2012. (<u>See</u> Briddell Decl., Exh. A.) Rather than pay a fee for the file disclosure requested in October 2011, Plaintiff falsely informed TransUnion that he was exempt from the fee because he was the subject of a recent denial of credit resulting from information appearing on a TransUnion report. (Briddell Decl. at ¶¶ 7-8, Exhs. B, C; Newman Decl., Exh. I at Nos. 18, 19; Exh. O at 30:22-24.)

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

b.       **Plaintiff Was Not Exempt From The $8.00 Fee By Reason Of A Qualifying Adverse Action**

Section 1681j(b) describes when consumers are entitled to a free disclosure after receiving notice of a qualifying adverse action:

> Each consumer reporting agency that maintains a file on a consumer shall make all disclosures pursuant to section 1681g of this title without charge to the consumer if, not later than 60 days after receipt by such consumer of a notification pursuant to section 1681m of this title, or of a notification from a debt collection agency affiliated with that consumer reporting agency stating that the consumer's credit rating may be or has been adversely affected, the consumer makes a request under section 1681g of this title.

15 U.S.C. § 1681j(b).

15 U.S.C. § 1681m(a) imposes a duty on users of credit reports to notify consumers when they take adverse action against the consumer by reason of information contained in the report.  15 U.S.C. § 1681m(a).  Read together, Sections 1681j and 1681m mean that consumers are entitled to a free file disclosure only after receiving notice of a qualifying "adverse action" resulting from information provided by the consumer reporting agency.  Not all negative decisions qualify as "adverse action."  The term "adverse action" is precisely defined to mean "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested."  15 U.S.C. § 1681a(k)(1)(A); 15 U.S.C. § 1691(d)(6).  Critically, the term adverse action "does <u>not</u> include a refusal to extend additional credit under an existing credit arrangement . . . where such additional credit would exceed a previously established credit limit."  15 U.S.C. § 1691(d)(6) (emphasis added).  Moreover, and critically in this case, to be considered a qualifying "adverse action" for purposes of the FCRA, the action must be based on "consideration" of specific information contained in a credit report that the consumer reporting agency had delivered to the party taking action; namely, some "practical consequence of reading the report, not merely some subsequent adverse occurrence <u>that would have happened anyway</u>."  <u>Safeco Ins. Co. v. Burr</u>, 551 U.S. 47, 63-64 (2007) (emphasis added).

Here, on October 26, 2011, Plaintiff requested that TransUnion provide him with a free file disclosure on the grounds that he had been denied credit within the previous sixty days because of

- 9 -

information on a TransUnion credit report.  (Briddell Decll., at ¶¶ 7-8, Exhs. B, C; Newman Decl.,

Exh. I at Nos. 17, 18; Exh. O at 30:17-24.)  Relying upon Plaintiff's representation, TransUnion

provided him with a file disclosure without requiring payment of the fee.  (Briddell Decl. at ¶ 9;

Newman Decl., Exh. J at pp. 1-18.)  After receiving his file disclosure, Plaintiff filed suit, alleging

he "was deprived of all accurate information in his file, <u>to which he is entitled</u> …."  (Amended

Complaint, Docket No. 39, at ¶ 37 (emphasis added).)  Contrary to Plaintiff's allegations, however,

he was not <u>entitled</u> to the information in his file.  In particular, Plaintiff has failed to provide <u>any</u>

evidence to substantiate his claim he received notice of any qualifying adverse action within the

critical sixty-day time window.  Thus, the uncontroverted evidence shows that Plaintiff was not

entitled to receive the disclosure upon which his entire claim is premised.  Stated otherwise, the

very predicate act giving rise to the provision of Plaintiff's free file disclosure – namely, an

"adverse action" – <u>never</u> actually took place.  <u>See</u> <u>Ashby v. Farmers Ins. Co.</u>, 565 F. Supp. 2d

1188, 1211 (D. Or. 2008) (stating that the purpose of 1681j(b) is to ensure that consumers who

receive an adverse action notice are able to obtain a free credit report).  Plaintiff should not be

allowed to prosecute a lawsuit based on a disclosure that TransUnion never was required to give

him.  <u>See</u>, <u>e.g.</u>, <u>Edeh v. Equifax Info. Servs., LLC</u>, 919 F. Supp. 2d 1006, 1015 (D. Minn. 2013)

(granting summary judgment in defendant's favor on plaintiff's claim under 1681j where there was

no evidence before the court that plaintiff was entitled to a free annual credit disclosure at the time

of his request).

> ### 3.   <u>None Of The Letters Produced By Plaintiff In Discovery Constitute Notice Of Adverse Action</u>

TransUnion repeatedly requested that Plaintiff produce evidence of any notice of a

qualifying adverse action.  For example, on February 13, 2014, TransUnion's counsel asked

Plaintiff's counsel, via letter, to "please provide us with any and all documents and information

which support Plaintiff's contention that he received notification of adverse action which entitled

him to a free file disclosure."  (Newman Decl., Exh. B.)  Plaintiff's counsel did not respond to this

letter.  (<u>Id.</u> at ¶ 4.)  Then, on August 20, 2014, TransUnion propounded special interrogatories to

Plaintiff, requesting, among other things, Plaintiff identify "any and all notifications of adverse

action, as described in 15 U.S.C. § 1681j(b) and 15 U.S.C. § 1681m(a)" he received.  (Id., Exh. C at No. 19.)  TransUnion also propounded requests for production of documents to Plaintiff, requesting Plaintiff produce all documents evidencing any notifications of adverse action.  (Id., Exh. D at No. 19.)  Finally, TransUnion propounded requests for admission, asking Plaintiff to admit he "did not receive any notification of adverse action as described in 15 U.S.C. § 1681j(b) and 15 U.S.C. § 1681m(a)."  (Id., Exh. E at No. 20.)  In response, Plaintiff provided the October 25, 2011 MasterCard Letter and the October 27, 2011 GE Capital Letter.  (Id., Exh. J at pp. 19-20.)  However, neither of these letters qualify as notice of an adverse action within the meaning of the statute.

Plaintiff also issued his own third-party subpoenas in an apparent attempt to locate evidence of a qualifying adverse action notice.  (See Newman Decl., Exh. P.)  In response, Plaintiff thus far has received three documents – two documents confirming a change of address and another copy of the October 27, 2011 GE Capital Letter.  (Id., Exh. Q at pp. 1-3.)  Plaintiff has been allowed ample opportunity to locate evidence of a qualifying adverse action.  His failure to provide competent evidence therefore speaks volumes.  Simply put, he was not subject to any qualifying adverse action.

The MasterCard Letter does not qualify because it expressly states that "we are unable to grant a credit limit increase on the account referenced above because customer requested credit limit increases are not available for your credit card program at this time."  (Id., Exh. J at p. 19 (emphases added).)  In other words, credit limit increases were not available to anyone in that particular program, regardless of their credit standing.  Additionally, and independently, the MasterCard Letter merely reflects a refusal to extend additional credit; this letter does not constitute notice of a qualifying adverse action.  See 15 U.S.C. § 1691(d)(6).  Nor does it cite TransUnion data as a basis for its decision.  (See Newman Decl., Exh. J at p. 19.)

Similarly, Plaintiff cannot rely on the GE Capital Letter as evidence he received notice of an adverse action before requesting a disclosure.  The GE Capital Letter specifically states that the creditor refused Plaintiff's "request to increase the amount of credit or to make additional purchases on [Plaintiff's] Walmart® Discover® Card® account. [¶] At this time, we are unable to

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51813704

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

approve your request due to insufficient experience at your current credit limit." (Newman Decl., Exh. J at p. 20 (emphasis added).)  Once again, the GE Capital Letter merely reflects a refusal to extend <u>additional credit</u> based on Plaintiff's lack of experience at his existing credit limit, and thus does not constitute notice of an adverse action.  <u>See</u> 15 U.S.C. § 1691(d)(6).  Moreover, even if the letter did constitute notice of an adverse action (it does not), Plaintiff still could not rely on the GE Capital Letter.  In particular, the GE Capital Letter is dated October 27, 2011 – the day <u>after</u> Plaintiff requested his free disclosure from TransUnion.  (Newman Decl., Exh. I at No. 17; Exh. J at p. 20.)  Plaintiff cannot rely on events that occurred <u>after</u> his request for the free file disclosure to justify his October 26, 2011 representation that he had received notice of an adverse action.  This is especially true here, where Plaintiff admitted that he did not receive either the MasterCard Letter or the GE Capital Letter until <u>after</u> he made his October 26, 2011 request for a free file disclosure. (Newman Decl., Exh. O at 71:12-23, 72:12-19.)  As of October 26, 2011, when Plaintiff viewed the OFAC Header error, TransUnion was subject to <u>no</u> requirement to disclose anything to him free of charge.

Section 1681m states, "If any person takes any adverse action with respect to any consumer that is based in whole or in part on any information contained in a consumer report," that person must provide the consumer with, among other things, "the name, address, and telephone number of the consumer reporting agency … that furnished the report to the person."  15 U.S.C. § 1681m(a)(3)(A).  The purpose behind this requirement is to allow a consumer to freely access the <u>specific</u> credit data which prompted the <u>specific</u> adverse action, but only <u>that</u> specific data.  <u>See</u> <u>Fischl v. Gen. Motors Acceptance Corp.</u>, 708 F.2d 143, 149 (5th Cir. 1983) ("The purpose of the notification provision is to enable the subject of a consumer report to request disclosure from the reporting agency of the nature and scope of the information in his file.").  For example, if a creditor issued notice of an adverse action in response to a report furnished by one agency, the consumer would not have a right to a file disclosure from some other agency, because that other agency's file disclosure would not provide the consumer with any useful information about why the adverse action might have occurred.

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT - CASE NO. 3:12-CV-05726-WHO
LA 51813704

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1    Critically, neither the MasterCard Letter nor the GE Capital Letter identifies information

2   from TransUnion as playing any role in these creditors' decisions not to increase Plaintiff's credit

3   lines.  (See Newman Decl., Exh. J at pp. 19-20.)  This is further uncontroverted evidence that

4   Plaintiff was not subject to any adverse action that might have entitled him to the file disclosure

5   upon which he sues.  By way of example, the decision set forth in the GE Capital Letter to not

6   increase the amount of Plaintiff's credit had nothing to do with data provided by TransUnion;

7   rather, the decision relied on the fact that Plaintiff had insufficient experience in connection with

8   the account.  (See Newman Decl., Exh. J at p. 20.)  It had nothing to do with any TransUnion credit

9   data.  The same thing "would have happened anyway."  Safeco, 551 U.S. at 63-64.  Thus, even if

10  the MasterCard Letter or the GE Capital Letter constituted notice of an adverse action (they do

11  not), because neither letter identifies TransUnion information as having played any role in the

12  creditors' decision-making process, Plaintiff was not entitled to a free file disclosure from

13  TransUnion.

14         **4.    Plaintiff Cannot Rely On The Closure Of The WF Credit Card As A**
               **Qualifying Adverse Action**
15

16    Plaintiff also cannot rely on the closure of the WF Credit Card as evidence that he suffered

17  a qualifying adverse action.  In particular, Section 1681j(b) requires TransUnion to "make all

18  disclosures pursuant to section 1681g . . . without charge to the consumer if, not later than 60 days

19  after receipt by such consumer of a notification pursuant to section 1681m . . . the consumer makes

20  a request under section 1681g of this title."  15 U.S.C. § 1681j(b) (emphasis added).  In other

21  words, Plaintiff was required to request his free file disclosure within 60 days of receiving

22  notification of adverse action.  Here, the account was closed on July 26, 2011 – 92 days before

23  Plaintiff requested a free file disclosure.  (Newman Decl., Exh. J at p. 10; Exh. O at 89:9-19.)

24  Thus, any request under 1681j(b) based on this supposed event was untimely, and Plaintiff was not

25  entitled to receive the October 2011 file disclosure for free.

26    Moreover, the file disclosure expressly states that the WF Credit Card was closed by

27  Plaintiff, the consumer.  (Id., Exh. J at p. 10.)  Plaintiff cannot voluntarily close a credit card

28  account, then attempt to use his unilateral decision to close an account as evidence that Plaintiff

- 13 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  suffered a qualifying adverse action as defined in 15 U.S.C. § 1691(d)(6).  Although Plaintiff

2  testified that he did not close the account, Plaintiff never disputed the notation establishing that the

3  WF Credit Card was closed by the consumer with TransUnion, despite his admissions that he knew

4  he had the right to dispute incorrect information on his file disclosure and that he previously has

5  disputed incorrect information on numerous occasions.  (Newman Decl., Exh. O at 32:8-25, 87:14-

6  88:25, 89:4-6.)  In addition, Plaintiff has not identified any reason why Wells Fargo would have

7  closed the WF Credit Card.  Indeed, the account was in good standing at the time of the closure and

8  Plaintiff had been making regular payments on the account.  (Id., Exh. J at p. 10.)

9      Finally, even if Plaintiff's request for a free file disclosure was timely (it was not) and even

10  if Wells Fargo, rather than Plaintiff, had closed the WF Credit Card account (Wells Fargo did not;

11  Plaintiff did), then Plaintiff still was not entitled to a free file disclosure from TransUnion under

12  Section 1681j(b).  No evidence shows that any TransUnion credit report had anything to do with

13  Wells Fargo's alleged decision to close the account.  Without such evidence, Plaintiff was not

14  entitled to a free file disclosure from TransUnion.  See 15 U.S.C. § 1681j(b); Safeco, 551 U.S. at

15  63-64.

16      In sum, the record is devoid of any evidence suggesting that Plaintiff received notice of a

17  qualifying adverse action based on information in any TransUnion credit report, within the 60 days

18  preceding October 26, 2011.  Thus, as a matter of law, TransUnion was subject to no statutory

19  "requirement" to deliver to Plaintiff the disclosure upon which he sues, and therefore Plaintiff can

20  recover no damages under 15 U.S.C. Section 1681n.  In other words, because Plaintiff was not

21  exempt from the fee and because Plaintiff did not pay the $8.00 fee, TransUnion had no statutory

22  duty to provide Plaintiff with any file disclosure whatsoever.  Accordingly, as a matter of law

23  TransUnion cannot be held liable for allegedly willfully failing to provide him with a clear and

24  accurate disclosure.  Contrary to his allegation in the Amended Complaint, Plaintiff was not

25  entitled to receive the file disclosure upon which he sues, and his claim under 15 U.S.C. Section

26  1681g therefore fails based on the law and the uncontroverted facts.

27

28

## IV.    CONCLUSION

For the foregoing reasons, TransUnion respectfully requests that the Court grant this Motion for Summary Judgment in its entirety.

Dated:  March 13, 2015                     STROOCK & STROOCK & LAVAN LLP
                                           JULIA B. STRICKLAND
                                           STEPHEN J. NEWMAN
                                           BRIAN C. FRONTINO

                                           SHERMAN, SILVERSTEIN, KOHL, ROSE &
                                           PODOLSKY
                                           BRUCE S. LUCKMAN (Admitted Pro Hac Vice)


                                           By:    /s/ Stephen J. Newman
                                           _____
                                                         Stephen J. Newman

                                           Attorneys for Defendant
                                                 TRANSUNION LLC

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

**STROOCK & STROOCK & LAVAN LLP**
2029 Century Park East
Los Angeles, California 90067–3086

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2015, a copy of the foregoing **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON TRANS UNION LLC'S THIRD AFFIRMATIVE DEFENSE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF System.

_/s/ Stephen J. Newman_
Stephen J. Newman

LA 51813704