STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 83013)
STEPHEN J. NEWMAN (State Bar No. 181570)
BRIAN C. FRONTINO (State Bar No. 222032)
ARSEN KOURINIAN (State Bar No. 271966)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
Email: lacalendar@stroock.com

Attorneys for Defendant
  TRANS UNION, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN DOUGLAS LARSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANSUNION, LLC,<br><br>Defendant. | Case No. 3:12-cv-05726-WHO<br><br>[Assigned to the Hon. William H. Orrick]<br><br>**DEFENDANT TRANS UNION, LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

LA 51860524

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Civil Local Rules 7-11 and 79-5, defendant Trans Union, LLC ("TransUnion") will, and hereby does, move this Court for an Order sealing certain information filed by the parties in connection with defendant Trans Union, LLC's ("TransUnion") Opposition to plaintiff Brian Douglas Larson's Motion for Class Certification ("Opposition"): (1) excerpts from the deposition transcript of James Garst (attached as Exhibit B to the Declaration of Stephen J. Newman ("Newman Declaration"); (2) excerpts from the deposition transcript of Brian Thackrey (attached as Exhibit C to the Newman Declaration); (3) the Declaration of Victor Stango (attached as Exhibit G to the Newman Declaration); and (4) the Opposition.

This Motion is made on the grounds that good cause, and compelling reasons, exist to seal portions of the Opposition and the documents cited thereto because they contain TransUnion's confidential, proprietary business information and trade secrets that are entitled to protection from public disclosure.

The Motion is based upon this Motion and the accompanying Memorandum of Points and Authorities, the Declaration of James Garst, further papers as may be filed in connection with this Motion and all pleadings, files and records in this action.

Dated: April 3, 2015        Respectfully Submitted,

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN
BRIAN C. FRONTINO
ARSEN KOURINIAN

By:      */s/ Stephen J. Newman*
            Stephen J. Newman

Attorneys for Defendant
TRANS UNION, LLC

## I. INTRODUCTION AND RELIEF SOUGHT

By this Motion, defendant Trans Union, LLC ("TransUnion") seeks an order sealing portions of: (1) excerpts from the deposition transcript of James Garst ("Garst Deposition") (attached as Exhibit B to the Declaration of Stephen J. Newman ("Newman Declaration"); (2) excerpts from the deposition transcript of Brian Thackrey ("Thackrey Deposition") (attached as Exhibit C to the Newman Declaration); (3) the Declaration of Victor Stango ("Stango Declaration") (attached as Exhibit G to the Newman Declaration); and (4) TransUnion's Opposition to plaintiff Brian Douglas Larson's ("Plaintiff") Motion for Class Certification ("Opposition"). The sealing of these materials is necessary to protect TransUnion's competitive standing and ensure the maintenance of its confidential, proprietary information and trade secrets. The degree of sealing requested is narrowly tailored to limit access only to documents, depositions, and reports, and references to them, designated by TransUnion as confidential.

## II. BACKGROUND

On December 10, 2013, a Stipulated Protective Order (the "Protective Order") was entered by the Court. (Dkt. No. 37.) Pursuant to the Protective Order, TransUnion designated certain documents it produced in this action as "confidential" and "highly confidential" and also designated certain deposition transcripts as "confidential" or "highly confidential." The documents consist of the Thackrey Deposition and the Garst Deposition.

On January 26, 2015, TransUnion filed the Stango Declaration, along with excerpts of the Thackrey Deposition and Garst Deposition, under seal in Ronald J. Miller v. Trans Union, LLC, pending in the United States District Court for the Middle District of Pennsylvania, Case No. 3:12-cv-01715-WJN-MCC ("Miller"). On January 27, 2015, the court in Miller entered an order sealing these documents. (Newman Decl., Ex. I, Order Sealing Documents.) The redacted portions of the Opposition refer to confidential sections of the Stango Declaration.

## III. ARGUMENT

The Court is authorized to protect confidential, proprietary information and trade secrets affecting the competitiveness of the business possessing them from public disclosure. "Every court

has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). The common law right of access to court records "is not absolute." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (citing San Jose Mercury News v. United States Dist. Court, 187 F.3d 1096, 1102 (9th Cir. 1999) (stating that there is a "strong presumption in favor of access" to judicial documents but which can be rebutted by showing "sufficiently important countervailing interests")). "In deciding whether sufficient countervailing interests exist, the courts will look to the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" Phillips ex rel. Estates of Byrd v. GM Corp., 307 F.3d 1206, 1213 (9th Cir. 2002) (quoting Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)). Because the Motion to Certify Class is a non-dispositive motion, the standard for sealing documents is lower, as the public has less interest in accessing the information submitted on procedural matters. See, e.g., Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006).

It is well recognized that courts may refuse "to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." Nixon, 435 U.S. at 598. Thus, courts routinely deny access to records containing confidential business information and trade secrets. See, e.g., Johnson Controls, Inc. v. Phoenix Control Sys., Inc., 886 F.2d 1173, 1176 (9th Cir. 1989) (submitting documents under seal is the "proper procedure where the parties are concerned that trade secrets may be revealed"), overruled on other grounds as stated in Perfect 10, Inc. v. Google, Inc., 653 F.3d 976, 979-81 (9th Cir. 2011); Henry Hope X-Ray Prods. Inc. v. Marron Carrel, Inc., 674 F.2d 1336, 1343 (9th Cir. 1982) (sealing document to prevent party's trade secrets from being publicly divulged); In re Adobe Sys., Inc. Secs. Litig., 141 F.R.D. 155, 161-62 (N.D. Cal. 1992) (filing under seal preserves "parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated"); Crane Helicopter Servs., Inc. v. United States, 56 Fed. Cl. 313, 327

LA 51860524
- 3 -
DEFENDANT TRANS UNION, LLC'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 3:12-cv-05726-WHO

(Fed. Cl. 2003) (sealing documents where documents' public release "could significantly damage [party's] competitive advantage"); see also Faulman v. Sec. Mut. Fin. Life Ins. Co., No. 04-5083 (AET), 2006 WL 1541059, at *2 (D.N.J. Jun. 2, 2006) (reasoning that data was "confidential internal information that Defendant has gathered for its private database" and it would "allow an unfair advantage in the marketplace if made accessible to an enterprising competitor"); CDA of Am. Inc. v. Midland Life Ins. Co., No. 01-CV-837, 2006 WL 5349266, at *13 (S.D. Ohio Mar. 27, 2006) (granting motion to "close the courtroom and seal the trial transcript in light of the proprietary information that will be presented at trial in regards to Plaintiff's alleged "trade secret"").

The redacted portions of the Garst Deposition, Thackrey Deposition, Stango Declaration and the Opposition should be maintained under seal because they consist of confidential, proprietary business information and trade secrets that are entitled to protection from public disclosure. See Fed. R. Civ. P. 26(c)(1)(G) (providing that court may protect information by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way"); Civ. L. R. 79-5(a). As set forth in the accompanying Declaration of James Garst, the credit reporting industry is highly competitive and release of the information in these exhibits could be used by TransUnion's competitors to its disadvantage. (Garst Decl. ¶ 3.) Credit reporting agencies frequently analyze their competitors' behavior and results to capitalize on opportunities to reach customers and improve services. (Id.) TransUnion's non-public data, internal analysis and business strategies provide valuable intelligence in positioning a competitor's own products, marketing and strategies. (Id.) Conversely, disclosing this information will not benefit the general public to any degree, as there is no public safety or health-related justification for disclosure. The information sought to be sealed is the type of competitively-sensitive, proprietary analysis and business review entitled to protection from public view.

TransUnion's requested order is also narrowly drawn to protect from disclosure only limited portions of the Garst Deposition, Thackrey Deposition, Stango Declaration and the Opposition and thus, is not overly broad.

Thus, for these reasons, TransUnion requests this Court to grant its Administrative Motion to Seal.

## IV. CONCLUSION

For the foregoing reasons, TransUnion respectfully requests that the Court issue an Order sealing the redacted portions of the Garst Deposition, Thackrey Deposition, Stango Declaration and the Opposition.

Dated: April 3, 2015

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN
ARSEN KOURINIAN

By: */s/ Stephen J. Newman*
Stephen J. Newman

Attorneys for Defendant
TRANS UNION, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2015, a copy of the foregoing **DEFENDANT TRANS UNION, LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

*/s/ Stephen J. Newman*
Stephen J. Newman

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51860524