UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DOUGLAS LARSON, <br> Plaintiff, <br> v. <br> TRANS UNION , LLC, <br> Defendant. | Case No. 3:12-cv-05726-WHO <br><br> **ORDER DENYING REQUEST TO COMPEL** <br> Re: Dkt. No. 122 |

The parties submitted a joint discovery brief in which defendant seeks an order compelling plaintiff to supplement his responses to TransUnion's Interrogatory Nos. 14 and 15. Joint Statement re: Discovery Dispute ("Joint Br.")(Dkt. No. 122). Defendant seeks "[d]etailed narrative answers stating all facts supporting Plaintiff's contentions that TransUnion is in violation of the Fair Credit Reporting Act ("FCRA") and has deliberately refused to follow the Third Circuit's ruling in *Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Circ. 2010)." *Id*. at 1. It also insists that "[p]laintiff's response fails to state the objectively clear legal authority … that [p]laintiff contends should have put TransUnion on notice [of willfully violating the FCRA] in 2011[.]" *Id*.

Plaintiff urges that defendant's request is untimely, since responses were served more than two and a half years ago, and that his "response adequately alerted [d]efendant to the primary thrust behind [p]laintiff's theory of liability and the particular case on which he intends to rely to prove that [d]efendant's violation of the FCRA was willful[.]" *Id*. at 3. He also contends that the information sought by defendant is akin to a legal conclusion, and therefore not suitable for an interrogatory. *Id*.

Defendant's request is DENIED. Plaintiff's duty to supplement interrogatory responses

under Federal Rule of Civil Procedure 26(e) is triggered only "if the party learns that in *some material respect* the disclosure or response is incomplete or incorrect[.]" Fed. R. Civ. P. 26(e). Plaintiff has indicated that "merits discovery is ongoing and Plaintiff has engaged an expert who will further flesh out [p]laintiff's developing theory of liability as it related to [d]efendant's inadequate software testing." Joint Br. at 3. If fact discovery develops a basis for more specific responses, he should supplement.

To the extent that defendant's request seeks legal authority divorced from the facts, plaintiff need not respond to questions of "pure law." *See* Schwarzer, Tashima & Wagstaffe, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL, Ch. 11(IV)-B (The Rutter Group 2016)("On the other hand, Rule 33 does not permit interrogatories directed to issues of 'pure law'[.]"). Plaintiff is not required to write his brief on a motion for summary judgment in his responses to interrogatories. *See id.* ("The mental impressions and opinions of the responding party's *attorney* are also normally protected from disclosure as attorney work product[.]").

**IT IS SO ORDERED.**

Dated: April 28, 2017

William H. Orrick
United States District Judge