UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DOUGLAS LARSON,<br><br>    Plaintiff,<br><br>    v.<br><br>TRANS UNION , LLC,<br><br>    Defendant. | Case No. 3:12-cv-05726-WHO<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 173 |

Having reviewed the Settlement Agreement[1] entered into by the Parties (ECF No. 173-1, and the Supplemental Brief submitting the revised notices (ECF No. 178), I hereby order the following:

1. I have considered the proposed Settlement of the claims of persons certified in the Larson Action by the Court's Orders entered June 26, 2015 (ECF No. 86) and August 11, 2016 (ECF No. 108), as well as the claims asserted in the Miller Action (together, the "Settlement Class") for settlement purposes only:

    A.    All natural persons residing at a California address to whom Trans Union provided a file disclosure from September 22, 2011 until October 27, 2011 which was substantially similar in form to the one received by Plaintiff Brian Douglas Larson.

    B.    All natural persons residing at an address within the jurisdiction of the U.S. Court of Appeals for the Third Circuit to whom Trans Union LLC provided a Personal Credit Report, from September 22, 2011 until October 27, 2011,

---

[1] Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as in the Agreement.

substantially similar in form to the one Trans Union provided to Plaintiff Ronald J. Miller.

2. In accordance with Federal Rules of Civil Procedure 23(a) and (b)(3), I make the following findings of fact for settlement purposes only:

   a. The Settlement Class is so numerous that joinder of all members is impracticable.
   b. There are questions of law and/or fact common to the Settlement Class.
   c. The claims of Plaintiffs Brian Douglas Larson and Ronald J. Miller are typical of the claims of the Settlement Class.
   d. Plaintiffs will fairly and adequately protect the interests of the Settlement Class.
   e. Defendant has acted or refused to act on grounds generally applicable to the Settlement Class.
   f. The questions of law and/or fact common to the members of the Settlement Class predominate over any questions affecting only individual members.
   g. A class action in this matter is superior to other available methods for the fair and efficient adjudication of this controversy.

3. Excluded from the Settlement Class are all officers and directors of Defendant.

4. Plaintiffs Brian Douglas Larson and Ronald J. Miller are certified as Settlement Class representatives.

5. The firms of Francis & Mailman, P.C. and Anderson, Ogilvie & Brewer, LLP shall serve as Class Counsel.

6. The Agreement entered into between Plaintiffs Larson and Miller and Defendant Trans Union LLC appears, upon preliminary review, to be fair, reasonable, and adequate to the Settlement Class.  Accordingly, the Settlement is preliminarily approved, pending a Final Fairness Hearing as provided for herein.

7. The Court appoints RSM US LLP as Settlement Administrator.

8. The Court will hold a Final Fairness Hearing pursuant to Fed. R. Civ. P. 23(e) on **November 28, 2018** in the United States District Court, Courtroom 2 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 at 2:00 o'clock p.m. for the following purposes:

1              a.      To determine whether the proposed Settlement is fair, reasonable and
2     adequate and should be granted final approval by the Court;
3              b.      To determine whether Judgment should be entered dismissing the claims of
4     the Settlement Class with prejudice;
5              c.      To consider the request by Class Counsel for an award of attorneys' fees
6     and expenses;
7              d.      To consider the request for a Service Award to the Class Representatives;
8     and
9              e.      To rule upon other such matters as the Court may deem appropriate.
10       9.     Upon entry of this Preliminary Approval Order, the Settlement Administrator shall
11    proceed with the Class Notice.  The Court finds that the Class Notice plan set forth in the
12    Agreement fully satisfies the requirements of Fed. R. Civ. P. 23 and the due process guarantees
13    of the U.S. Constitution, constitutes the best notice practicable under the circumstances, and shall
14    constitute due and sufficient notice to all persons entitled thereto.
15       10.    A Settlement Class member may request exclusion from the Settlement.
16             a.      All requests by the individuals within the Settlement Class to be excluded
17    must be in writing, sent to the Settlement Administrator and postmarked no later than thirty (30)
18    days before the Final Fairness Hearing, or **October 29, 2018**.
19             b.      To be valid, a request for exclusion must be personally signed and must
20    include the individual's name and a sentence stating that he or she requests to be excluded from
21    the Settlement Class and not participate in the Settlement.
22             c.      No individual within the Settlement Class, or any person acting on behalf of
23    or in concert or participation with that individual, may exclude any other individual within the
24    Settlement Class from the Settlement Class.
25       11.    A Settlement Class Member may object to the Settlement.  The right to object must
26    be exercised individually by an individual Settlement Class Member, not as a member of a group
27    and, except in the case of a deceased or incapacitated Settlement Class Member, not by the act of
28    another person acting or purporting to act in a representative capacity.

3

  a. All written objections and supporting papers must (i) clearly identify the case name and number (Larson v. TransUnion, LLC, Case Number 12-5726), (ii) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (iii) be filed or postmarked on or before October 29, 2018.

  b. Written objections shall be personally signed and state:

   i. the caption of the Action;

   ii. the full name, address and telephone number of the Settlement Class Member objecting to the Settlement;

   iii. a detailed statement of each objection asserted, including the factual and legal grounds for objection and reasons for appearing and being heard, together with any documents or exhibits such Settlement Class Member wishes to be considered in support of the objection;

   iv. the identity of all witnesses whom the objector may call to testify at the final Fairness hearing;

   v. the name and address of any attorney who has drafted or helped draft the objection, or who represents the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Class Counsel's request for fees and reimbursement of costs; and,

   vi. all relief sought.

12. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the Settlement, for a service award to the Class Representatives and for an award of fees and costs to Class Counsel shall be filed not later than fourteen (14) days before the deadline for filing objections to the Settlement, or **October 15, 2018**.

13. I retain exclusive jurisdiction over this action to consider all further matters arising

out of or connected with the Settlement.

**IT IS SO ORDERED.**

Dated: July 10, 2018

_____
William H. Orrick
United States District Judge

5